UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DUSTIN OF THE FAMILY PATRICK,<br>　　　　Plaintiff, | :<br>:<br>: |
| v. | : No. 5:25-cv-1847 |
| JAYLEEN BOWERS and<br>TRACY BROWN,<br>　　　　Defendants. | :<br>:<br>:<br>: |

# O R D E R

**AND NOW**, this 30th day of May, 2025, upon consideration of the Entry of Default against Defendants Bowers and Brown on May 21, 2025, *see* ECF No. 12; and of the Plaintiff's Motion for Default Judgment, filed May 21, 2025, *see* ECF No. 13; **IT IS HEREBY ORDERED THAT**:

　　1.　　The Entry of Default, ECF No. 12, is **VACATED** against Defendant Jayleen Bowers,[1] only;

---

[1]　　The Entry of Default, ECF No. 12, was predicated upon proofs of service filed April 30, 2025. *See* ECF Nos. 6-9. While Defendant Brown was personally served at the business address listed for her in the Complaint, *see* ECF No. 8, the Court is not satisfied that proper service was made on Defendant Bowers. Service of a summons and complaint may be made on an individual by either: "(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed R. Civ. P. 4(e)(2).

　　On April 28, 2025, the summons for Bowers was served at the business address listed for her in the Complaint, but was returned unexecuted because "Ms. Bowers was not an employee of the Domestic Relations office and worked at a different location. As a result, the office was unable to accept service on her behalf." *See* ECF No 6. Another proof of service (which does not state an intended recipient) states that service was made on April 23, 2025, on one Laura Schlegel, who is designated by law to accept service on behalf of "Deputy Director, Domestic Relations, 633 Court Street Reading PA 19601." *See* ECF No. 9. This address does not match that listed for Bowers in the Complaint, and the document gives no indication that Ms. Schlegel is authorized by law to accept service *on behalf of Bowers*, who, according to the communication recorded by the process server on April 16, 2025, is "not an employee of the Domestic Relations office." *See* ECF No. 6. The last attempt at service on Bowers was made April 25, 2025, on one

2. Plaintiff has until **July 7, 2025**, to effect proper service on Defendant Bowers;[2] and

3. Plaintiff's Motion for Default Judgment, ECF No. 13, is **DENIED without prejudice**.[3] Plaintiff is granted leave to refile an amended motion for default judgment after proper service is made on all Defendants; and

---

Gretchen Madigan, who was authorized by law to accept service on behalf of "Health and Human Services Chief Counsel's Office." *See* ECF No. 7. The address at which Ms. Madigan accepted service also does not match that listed for Bowers in the Complaint, *see id.*, and the Court is not satisfied that Ms. Madigan was authorized to accept service on behalf of Bowers, who, according to the Complaint, is a "director of the . . . IV-D agency operating ["in"] this Commonwealth." Compl., ECF 1 at 1. Proper service on Bowers must be made in conformance with the requirements of Federal Rule of Civil Procedure 4(e).

[2] A defendant must be served within 90 days after the date the Complaint is filed with the court. Fed R. Civ. P. 4(m). The Complaint in this case was filed on April 8, 2025. Ninety days thereafter falls on July 7, 2025.

[3] Here, Plaintiff's Affidavit in Support of Default Judgment, ECF Nos. 11, 13-4, fails to meet the requirements of the Servicemembers Civil Relief Act, because it does not "stat[e] whether or not the defendant[s] [are] in military service and show[] necessary facts to support the affidavit." 50 U.S.C. § 3931(b)(1). The Servicemembers Civil Relief Act protects servicemembers against default judgments, and so the plaintiff's "affidavit must set forth facts, not merely conclusions, relating to the military service of the defendant . . . The affidavit must also contain information regarding the efforts exerted to determine the defendant's military status." *House v. Smith*, No. 2:18-CV-04283, 2020 WL 5118047, at *2 (E.D. Pa. Aug. 31, 2020) (quoting *Countrywide Home Loans, Inc. v. Barr*, 2008 WL 4748202, at *1 (M.D. Pa. July 10, 2008)); *see also U.S. v. Zimmerman*, No. 5:18-CV-04875, 2025 WL 1399192, at *4 (E.D. Pa. May 14, 2025). For this reason, Plaintiff's Motion for Default Judgment is denied.

The Motion is also denied because there exists insufficient factual information to support Plaintiff's claims and to establish the amount of damages he claims to be owed. Entry of default judgment is a matter within the sound discretion of the district court. *See Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984). Prior to entering default judgment, the court must determine: (1) that it has personal jurisdiction over the defaulting defendants; (2) that proper service of process was made upon the defaulting defendants; (3) that the complaint contains facts necessary to state a cause of action; and (4) the amount claimed in damages. *See D'Onofrio v. Mattino*, 430 F. Supp. 2d 431, 436 (E.D. Pa. 2006). "Where a court enters a default judgment, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *DirecTV Inc. v. Pepe*, 431 F.3d 162, 165 n.6 (3d Cir. 2005) (internal quotations omitted); *see also Fehlhaber v. Indian Trails, Inc.*, 425 F.2d 715, 717 (3d Cir. 1970) (finding that a defaulting defendant admits the factual allegations against it except with respect to damages). The Complaint alleges violations of the First, Fourth, Fifth, Seventh, Thirteenth, and Fourteenth Amendments. Plaintiff avers, without supporting documentation or specific factual information, that Defendants "compelled [Plaintiff] to attend a . . . place of worship" contrary to his faith, utilized his social security number to search for his current employment and income, "compelled

4. The Clerk of Court is **ORDERED** to mail a copy of this Order to Defendants at the following addresses:

**Jayleen Bowers**
25 Front Street
Harrisburg, PA 17101

**Jayleen Bowers**
625 Forster Street
Harrisburg, PA 17120

**Tracy Brown**
633 Court Street
Reading, PA 19601

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[Plaintiff] to associate with the IV-D agency," which "exacted" from him $37,000 by "coercing [Plaintiff] to cooperate in making payments to the IV-D agency," and failed to inform him that "participation in the IV-D program was voluntary." *See* Compl., at 5-7. Importantly, the Title IV-D agency that operates within the Commonwealth of Pennsylvania is tasked with developing and implementing a federally approved State plan for child support, *see* 23 Pa.C.S. § 4372, and its services include "establishing parentage[,] setting the amount of, modifying or enforcing child support, establishing or enforcing visitation or custody orders and locating legally responsible relatives," *id.* at § 4373. The agency "utilize[s] all sources of information and legally available records" to accomplish these tasks. *Id.* Thus, to the extent that Defendants are alleged to have positively identified Plaintiff as a legally responsible person with child support obligations, and to have enforced compliance with those obligations in accordance with state and federal law, the Complaint is lacking additional facts necessary to state a cause of action. Plaintiff has failed to show that the Defendants incorrectly identified him as an individual with child support obligations, failed to show that the Defendants' actions amount to constitutional violations, and offers no facts in support of the allegation that Defendants forced Plaintiff to attend a place of worship against his will. *See D'Onofrio*, 430 F. Supp. 2d at 436 (finding that, as part of its determination of whether to grant default judgment, the court must determine whether the complaint contains facts necessary to state a cause of action). Further, Plaintiff provides no supporting factual information or documentation to prove the amount of damages he claims, let alone that any payments made to the IV-D agency were unlawful. *See Net Const., Inc. v. C & C Rehab and Const., Inc.*, 256 F. Supp. 2d 350, 354 (E.D. Pa. 2003) ("Once a default is entered, assuming the damages are not for a sum certain or a sum that can be made certain, a district court must still assess the amount of damages suffered by the plaintiff.") (citing Fed R. Civ. P. 55(b); *Whelan v. A. Ward Enter. Inc.*, No. 01-CV-2874, 2002 WL 1745614, *1-2 (E.D. Pa. July 23, 2002) (requiring plaintiff to prove damages after default against the defendant)). For these reasons, Court cannot grant default judgment. *See Mrs. Ressler's Food Prods. v. KZY Logistics LLC*, 675 F. App'x 136, 137-38 (3d Cir. 2017) (holding that because entry of a default judgment is a such an extreme sanction, it is generally disfavored and any doubts should be resolved in favor of setting aside the default and reaching a decision on the merits).