# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Dustin of the Family Patrick | : | |
| | : | Civil Action |
| *Plaintiff* | : | |
| | : | No. 5:25-cv-1847 |
| v. | : | |
| | : | |
| Jayleen Bowers through the IV-D Agency, et al. | : | |
| | : | |
| *Defendants* | : | |
| | : | |

## **Defendant Tracy Brown's Motion to Vacate Default**

Defendant Tracy Brown, by and through her attorneys, moves to vacate default on the following grounds:

1. On April 8, 2025, Plaintiff Dustin of the Family Patrick filed his Complaint. (ECF No. 1.)

2. On June 3, 2025, Plaintiff filed his Amended Complaint. (ECF No. 15.)

3. Default must be vacated because Plaintiff's Amended Complaint nullifies his Complaint and renders moot the entry of default.

4. The filing of an amended complaint renders the earlier complaint a nullity. *Enigwe v. Gainey*, No. CIV.A. 10-684, 2012 WL 213510, at *3 (E.D. Pa. Jan. 23, 2012) (citing *Snyder v. Pascack Valley Hosp.*, 303 F.3d 271, 276 (3d Cir. 2002)).

5. Further, the clerk's entry of default on a complaint is rendered moot by the filing of an amended complaint. *United States v. MyCek*, No. 19-CV-14115, 2020 WL 7408061, at *1 (D.N.J. Nov. 20, 2020); *Auto. Rentals, Inc. v. Bama Com. Leasing LLC*, No. 117CV3877NLHKMW, 2018 WL 3159852, at *1 (D.N.J. Mar. 9, 2018).

6. *See also Trueposition, Inc. v. LM Ericsson Tel. Co.*, No. CV 11-4574, 2012 WL 12903811, at *1 (E.D. Pa. June 29, 2012) (application for entry of default denied as moot due to the filing of the amended complaint); *Enigwe*, 2012 WL 213510, at *3 (the filing of an amended complaint renders moot a plaintiff's request for an entry of default as to the earlier complaint) (citing *Ozoroski v. Beard*, No. CIV. A. 108-CV-0082, 2008 WL 1990863, at *1 (M.D. Pa. May 6, 2008) (denying motion for default judgment as moot after filing of amended complaint)); *Schenck-Faison v. City of Newark*, No. CV 23-22437 (CCC) (JSA), 2024 WL 4729178, at *3 (D.N.J. Nov. 8, 2024) (the filing of an amended complaint generally moots a preexisting motion for default judgment).

7. When Plaintiff filed his Amended Complaint, his original Complaint became a nullity and the default entered became moot.[1]

---

[1] Default must be vacated additionally because the Summons and filed Complaint were not served on Ms. Brown in accordance with Fed. R. Civ. P. 4(e)(2). On April 8, 2025, this Court issued a summons. (ECF No. 4.) On April 30, 2025, Plaintiff filed a proof of service of summons stating the summons was served on Ms. Brown on April 16, 2025. (ECF No. 8.) However, on April 16, 2025, Ms. Brown received only the Complaint attached as <u>Exhibit A</u>, which was not signed or filed. It had no docket number, and it was not accompanied by a summons.

**WHEREFORE**, defendant Tracy Brown respectfully requests that this Honorable Court vacate the Clerk's entry of default against her.

    Respectfully submitted,

**s/ Jennifer M. Herrmann**
Jennifer M. Herrmann
Attorney I.D. No. PA 209512
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, PA 19102
legaldepartment@pacourts.us
Phone: (215) 560-6326
Fax: (215) 560-5486

***Attorney for defendant***
*** Tracy Brown***

# Exhibit A

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

Dustin of the Family Patrick
Plaintiff

vs.

JAYLEEN BOWERS
THROUGH THE IV-D AGENCY
TRACY BROWN
THROUGH DOMESTIC RELATIONS
SECTION
DEFENDANT(s)

Case No.

**42 U.S.C. § 1983 COMPLAINT FOR DEPRIVATION OF RIGHTS UNDER COLOR OF LAW**

## I. Parties to This Complaint

### A. The Plaintiff

Dustin of the Family Patrick

Real Land North America, Non Domestic:

### B. Defendant # 1

JAYLEEN BOWERS ("BOWERS") named in HER official capacity as director of the 45 C.F.R. § 301.1 alone, detached, and disconnected IV-D agency operating ["in"] this Commonwealth within the executive branch as the 28 U.S.C. § 3002 (15)(C) instrumentality of the U.S. DHHS via submitted IV-D plan; and the sole point of contact for the federal government and the entity through which federal Title IV-D funding flows, responsible for being in and securing compliance with the requirements of the IV-D plan by contractual agents and IV-D personnel. HIS/HER principal place of business is 25 FRONT STREET HARRISBURG PA 17101.

### C. Defendant # 2

TRACY BROWN ("BOWERS") named in HER official capacity as director of the Domestic Relations Section operating ["in"] Berks County, performing under contract with BCSE in full compliance with submitted IV-D plan and responsible for establish paternity and IV-D support orders and enforce IV-D obligations in return for payment from the BCSE. She oversees the creation of noncustodial parents and collections therefrom, by attachment of its income, suspend a driver's license, suspend a hunting and/or fishing license, suspend a professional/occupational

1

license, deny a U.S. Passport application, place a lien against real property, place a lien against monetary awards due from a lawsuit or third-party payout due to bodily injury or death, publish the noncustodial parents name in newspapers, seize a bank account or other financial assets, intercept a Federal or State income tax refund, intercept lottery winnings, report arrears to consumer credit reporting agencies, issue a bench warrant for arrest, and/or find a person in civil contempt of a court order, which may lead to imprisonment, a fine, and/or probation. Her principal place of business is 633 COURT STREET READING, PA 19601.

## II. Basis for Jurisdiction
### A. This Court Has Jurisdiction Over § 1983 Claims

Case law interpretation provides that federal district Courts have jurisdiction over § 1983 claims because a claim brought under this statute constitutes a "federal question," meaning it arises under the First Amendment of Constitution and federal laws, granting Federal Courts the authority to hear such cases; this jurisdiction is primarily based on 28 U.S.C. § 1343(3). Accordingly, the Court must determine whether the facts alleged in this complaint "taken at face value" support subject matter jurisdiction. *Gordo-Gonzalez v. United States*, 873 F.3d 32.35 (1st Cir. 2917).

The Federal statutory basis for the program is U.S. Public Law 93-647, Title 42 U.S.C. § 651 IV-D of the Social Security Act, as amended. The State statutory basis is in Title 23 of the Pennsylvania Consolidated Statutes (23 Pa.C.S.). <u>Bureau of Child Support Enforcement</u>.

Federal law Title 1V-D of the Social Security Act pub L. No 93-647, 88 Statute 2351(1975), 42 U.S.C. § 651 (8/22/1996), as amended created Plaintiff cause of action. 42 U.S.C. § 658 (a) and (f) provides profit for practice of the above. By contrast, Title 42, The Public Health, and Welfare, is a non-positive law title. Title 42 is comprised of many individually enacted Federal statutes such as Social Security Act that have been editorially compiled and organized into the title, but the title itself has not been enacted. 42 U.S.C. § 1983 Deprivation of rights under color of law itself provides Plaintiff relief. Non positive federal law created Plaintiff's cause of action, and federal law itself provides therefore the federal district court has subject matter jurisdiction under federal question jurisdiction.

### B. Key Points About § 1983 and Federal Jurisdiction:

1. **Basis for Jurisdiction:**
   § 1983 allows individuals to sue state officials for depriving them of their federal constitutional rights "under color of state law," essentially providing a cause of action for civil rights violations.

2. **Statutory Provision:**

28 U.S.C. § 1343(3) explicitly grants federal courts jurisdiction over civil rights claims brought under §1983.

3. **Federal Question Jurisdiction:**
Because this § 1983 claim involves a federal constitutional right, it is considered a "federal question" which gives this federal court jurisdiction to hear this case.

### III. Abstenation is not Warranted

Pursuant to 45 C.F.R. § 302.34 the IV-D plan shall provide that the IV-D agency will enter into contracts to perform under 45 C.F.R. § 303.107 with Bureau of Child Support Enforcement that's administers the IV-D program that operates in Pennsylvania's through contracts with the 67 counties and county Courts of Common Pleas; law enforcement officials, such as district attorneys, attorneys general, and similar public attorneys and prosecutors; corrections officials.

In accordance with 45 C.F.R. § 302.34 this 42 U.S.C. § 1983 Action is not related to a Domestic Relation issue. *Kirby v. Mellenger*, 830 F.2d 176, 177-78 (11th Cir. 1987). 45 C.F.R. § 302.34 provides this is not a matter regarding an alleged court order to pay child support, paternity, custody. *Nails v. McCaa*, 2012 U.S. Dist. LEXIS 138388, 4 (M.D. Ala. 2012). 45 C.F.R. § 302.34 provides Plaintiff is not a state-court loser complaining of injuries caused by a state-court judgment rendered before District Court proceedings commenced and inviting district court review and rejection of those judgments. *Behr*, 8 F.4th at 1212 (quoting *Exxon Mobil v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

### IV. Gravamen

On March 28, 2025 Defendants by due process of law were both served with a legal Notice requiring them to terminate my unwanted association with the IV-D agency, and my involuntary participation in the IV-D program on the basis that the First Amendment guarantees my inherent right to conscious and my inalienable right to not associate with a business for profit as a customer or otherwise, and moreover for the lack of my Consent to be governed under IV-D of the Act.

Legally, the IV-D program is a partnership between the federal government and this State established under IV-D of the Act. This partnership renders the IV-D program an association of two or more persons as co-owners of a business that profits from customers. "States still make a profit on the IV-D program. 77-089.job (govinfo.gov) p.41. See Sec. 8 Child Support enforcement p.47 "However, every Federal agency is responsible for responding to a IV-D program as if the Federal agency were a private business". 77-089.job (govinfo.gov). See Communicating with

3

<u>our Customers | The Administration for Children and Families</u> "Our customer service team works with parents."

In America, the First Amendment protects Plaintiffs inherent right to not associate with the 42 U.S.C. § 654(3) organization that conducts itself as a business for profit and protects my freedom of assembly therewith. Furthermore, under the First Amendment's protection Plaintiff cannot be compelled to be the customer of a business for profit against my will. This IV-D business that operates in Pennsylvania offers then sells IV-D services to customers, as such Plaintiff exercised my right to reject said offer. "So far as the record informs, plaintiff never submitted a written application (nor paid the requisite application fee) with the appropriate OCSE requesting Title IV-D services. *Monzon v. Martinez*, 833 F. Supp. 479, 485 (E.D. Pa. 1993)".

The First Amendment protects Plaintiffs inherent right in a free market economy to choose where I spend my money and to which businesses I choose to spend it with. There's no law that requires me to associate with the business that will profit from me, and the federal OCSS within the U.S. DHHS, the IV-D agency within the DHS operating in this Commonwealth and Berks County and its IV-D contractors can legally force Plaintiff to do business therewith on the basis that Plaintiff never paid the $35 non-refundable application fee the IV-D agency charges to customers for the purpose of creating a 42 U.S.C. § 651 IV-D creation and collection service.

The First Amendment prohibits Defendants in any case from controlling or interfering with Plaintiff's inherent natural right of conscience as the Article I § 1 Genesis 1;[26] creation to worship Almighty God, according to the dictates of Plaintiff's own conscience. Further, the Declaration of Independence requires that ANY faction of ALL governments exercise of just powers requires my Consent. Defendants were both legally notified that Plaintiff Dustin withdrew any presumed Consent to associate with the business for profit, its DRS operating in Berks County and its IV-D contractors; and I withdrew any presumed Consent to participate in the federally operated and funded IV-D program; and moreover Plaintiff never Consented to succeed or answer to the legal name of the *ens legis* DUSTIN PATRICK A.K.A. the 42 U.S.C. § 666(a)(3)(C) non-custodial parent positively identified as 20 C.F.R. § 422.103(d) property, as in ownership.

Defendants conduct in full compliance with the IV-D plan subjected Plaintiff Dustin under color of Federal and State law, and their conduct deprived me of my First Amendment right to not associate with the business for profit guaranteed under the U.S. Constitution and federal law.

Plaintiff Dustin provided BOWERS and BROWN with fair warning pursuant to 42 U.S.C. § 659(a) Consent to enforcement that their conduct in compliance with

the plan in full compliance with 42 U.S.C. § 651 IV-D of the Act rendered them both a 42 U.S.C. § 659 (i)(4) private person who does not have sovereign or other special immunity or privilege which causes HER/HIM not to be subject to this legal process, and therefore, by failing to terminate Plaintiff's involuntary association with the business for profit and my involuntary participation in the IV-D program has now result in this 42 U.S.C. § 1983 action against them both.

V.  **First 42 U.S.C. § 1983 Standard**
    A.  **BOWERS and BROWN Subjected Plaintiff to Conduct that Occurred Under the Color Federal and State Law.**

The 45 C.F.R. § 301.10 IV-D plan required BOWERS to administer with IV-D of the Act in conformity with the specific requirements in title IV-D of the Act, and BROWN to be in compliance with the plan not the Constitution. However in accordance with 1 U.S.C. § 204 in all courts, tribunals, and public offices of the United States, at home or abroad, of the District of Columbia, and of each State, Territory, or insular possession of the United States (a) United States Code, The matter set forth in the edition of the Code of Laws of the United States current at any time shall, together with the then current supplement, if any, establish *prima facie* laws of the United States, general and permanent in their nature, in force on the day preceding the commencement of the session following the last session the legislation of which is included: Provided, however, that whenever titles of such Code shall have been enacted into positive law the text thereof shall be legal evidence of the laws therein contained, in all the courts of the United States, the several States, and the Territories and insular possessions of the United States. "To have it any other way would be to destroy the vital marrow of our great concept of government, which is based on three distinct branches-the judicial, the legislative, and the executive." *Holmby Productions, Inc. v. Vaughn*, 282 P. 2d 412 – *Kan: Supreme Court* (1955).

45 C.F.R. § 301.10 and § 302.12 (2) and (3) provides that **BOWERS and** was 100% accountable for the operation of the IV-D program, and responsibile for securing compliance of BROWN through Berks County contractors under the IV-D plan by conduct, not the Constitution. Therefore, at all times relevant BOWERS and BROWN acted under Color of Law "the appearance or semblance, without the substance, of legal right." *State v. Brechler*, 185 Wis. 599, 202 N.W. 144, 148.

B.  **Second 42 U.S.C. § 1983 Standard**
    **BOWERS and BROWN's Conduct in Conformity with the Specific Requirements Stipulated in IV-D of the Act, its Regulations, and**

5

**other applicable official issuances of the U.S. DHHS Deprived Plaintiff of the Following Rights, Privileges, and Immunities Guaranteed by the U.S. Constitution;**

1. My 1st Amendment inherent and inalienable right by compelling Plaintiff by threat to associate with the IV-D business for profit against my will as a customer; for compelling Plaintiff by threat to participate in the IV-D program as a 42 U.S.C. § 666(a)(3)(C) *ens legis* with no rights, and for deprivation of my right to conscience by compelling me by threat to attend a 42 U.S.C. § 666 place of worship contrary to my faith and judgment; and;
2. My 4th Amendment inalienable right to be let alone and free from the IV-D agency's intrusion into my private life; for consistently using the social security number I hold to unreasonably search for My employment, and the unreasonable search and seizure of my financial, and other money assets, and;
3. My 5th Amendment inalienable right to due process for failing to issue orders requiring IV-D contractors and personnel to inform Plaintiff that participation in the IV-D program was voluntary and for failing to provide me with legal notice of the unconstitutional consequences that arose from my unwanted association with the IV-D agency and involuntary participation in the IV-D program; and my right against self-incrimination by unlawfully identifying me by a social security number and to which there is no privilege against self-incrimination, and;
4. My 7th Amendment inalienable right to a trial by jury by succeeding me to the status of 42 U.S.C. § 666(a)(3)(C) non-custodial parent e.g., 20 C.F.R § 422.103(d) property that is not entitled to a trial by jury, and;
5. My 13th Amendment inalienable right against slavery for fraudulently identifying me as property, and for subjecting me to involuntary servitude by coercing me to cooperate in making payments to the IV-D agency; and for compelling me against my will to participate in employment or related activities to make regular IV-D payments to said agency and;
6. My 14th Amendment inalienable right to due process by failing to issue orders requiring IV-D personnel to inform me that my participation in the IV-D program was voluntary, by failing to provide me with legal notice of the unconstitutional consequences that arose from my unwanted association with the IV-D agency and my involuntary participation in the IV-D program; and for the denial of my right to equal protection of the laws by affording the IV-D agency customer the right to terminate IV-D services at will and denying me the same.

### Conclusion

This § 1983 Claim allows Plaintiff Dustin to sue the IV-D entity and its employees for violations of Plaintiffs civil rights (42 U.S.C. § 1983). Plaintiff Dustin is fully aware that § 1983 creates a remedy for seeking redress for the violation of Plaintiff's federally protected rights, but it does not create any rights itself. As such

Plaintiff alleges that my specific rights that arises from federal law (whether constitutional or statutory) have been violated.

This 42 U.S.C. § 1983 claim alleges that under compliance with the IV-D plan JAYLENE BOWERS and TRACY BROWN subjected Plaintiff to conduct that occurred under color of state law, and this conduct deprived plaintiff of rights, privileges, and immunities guaranteed under the U.S. Constitution and federal law.

**Prayer for Relief**

The facts present herein are undisputed, in that with malicious intent JAYLENE BOWERS gave assurance that She and TRACY BROWN through the IV-D agency operating in this "[in]" this Commonwealth from within the executive branch will operate in conformity with the specific requirements stipulated in title IV-D of the Act, its regulations, and other applicable official issuances of the U.S. Department of Human Services not the Constitution for the United States of America.

My association with the business for profit was unwanted and my participation in the IV-D program is in fact an involuntary act and performed with constraint, with repugnance, and without my will to do it. Plaintiff Dustin has plead factual content that allows the Court to draw a reasonable inference that the Defendant is liable for the misconduct alleged.

WHEREFORE, this honorable Court should hold true that JAYLENE BOWERS and TRACY BROWN compelled me by threat to associate with the IV-D agency through Berks County DRS and IV-D contractors is liable to Plaintiff Dustin for subjecting the me to conduct that occurred under color of federal and state law, and that conduct deprived me of my 1st, 4th, 5th, 7th, 13th, and 14th Amendment rights, privileges, and immunities guaranteed under the U.S. Constitution. Plaintiff Dustin now has Article III standing and this Court has authority granted by the Constitution to assume jurisdiction over this action and to:

1. Award Plaintiff Dustin termination of my nonconsensual unconstitutional association with the IV-D agency
2. Award Plaintiff Dustin termination of my nonconsensual unconstitutional involuntary participation in the IV-D program, and a full refund of $37,000.00 at 6% interest for monies exacted from me under fraud and duress during my involuntary participation, and;
3. Award Plaintiff Dustin $10,000,000.00 compensatory, punitive, and other damages against JAYLENE BOWERS and TRACY BROWN who through the IV-D agency and DRS circumvented the Constitution by identifying me as 20 U.S.C. § 422.103(d) property; and

4. The deprivation of my 1st Amendment natural right to worship God to the dictates of my own free will; for compelling me to associate with the IV-D agency; and for compelling me under threat duress and coercion to participate in the IV-D program against my will; and
5. The deprivation of my 4th Amendment inalienable right to be let alone; and for unreasonable searches and seizures; and
6. The deprivation of my 5th Amendment inalienable right to due process, and my privilege against self-incrimination; and;
7. The deprivation of my 7th Amendment inalienable right to a trial by jury, and;
8. The deprivation of my 13th Amendment inalienable right against slavery and involuntary servitude, and;
9. The deprivation of my 14th Amendment inalienable right to due process and denial of my right to equal protection of the laws, and;
10. Award Plaintiff Dustin reasonable legal fees, expenses, and costs of litigation pursuant to 42 U.S.C. § 1988 in the amount of $1,500.00 as the prevailing party.
11. A jury trial is demanded.

Respectfully submitted

_____
Dustin of the Family Patrick