UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

DUSTIN OF THE FAMILY PATRICK, :
    Plaintiff, :
 :
v. : No. 5:25-cv-1847
 :
JAYLENE BOWERS and :
TRACY BROWN, :
    Defendants. :

**O R D E R**

**AND NOW**, this 30th day of June, 2025, upon consideration of the Court's Order dated May 30, 2025, which vacated Entry of Default against Defendant Jayleen Bowers, only, *see* ECF No. 14; Plaintiff's Amended Complaint, filed June 3, 2025, *see* ECF No. 15; Plaintiff's Proofs of Service of the Amended Complaint on Defendants Tracy Brown and Jaylene Bowers, made on June 13 and 17, 2025, respectively, *see* ECF Nos. 22, 24; and Defendant Tracy Brown's Motion to Vacate Default, filed June 13, 2025, *see* ECF No. 21; **IT IS HEREBY ORDERED THAT**:

    1.    The Motion to Vacate entry of default against Defendant Tracy Brown, ECF No. 21, is **GRANTED**.[1]

---

[1] This Court finds that service of the Amended Complaint on both defendants was proper, in accordance with Federal Rules of Civil Procedure 4 and 5. The filing of the Amended Complaint rendered any entry of default on the original Complaint moot. *See United States v. MyCek*, No. 19-cv-14115, 2020 WL 7408061 at *1 (D.N.J. Nov. 20, 2020) (unpublished). This Court already vacated the entry of default against Defendant Bowers, *see* ECF No. 14, and now Brown moves to vacate the entry of default against her. *See* ECF No. 21. This case is still in the early stages and Plaintiff will not be unduly prejudiced if default is vacated. *See Westpark Elecs. LLC v. EDealer LLC*, No. 22-cv-4327, 2023 U.S. Dist. LEXIS 5493, at *7 (D.N.J. Jan. 11, 2023) (requiring the plaintiffs to "continue litigating this matter does not constitute undue prejudice"). Furthermore, it appears that Defendant Brown may have a litigable defense and did not default as a result of any culpable conduct, *see* ECF No. 21 at 2 n.1 (explaining why Brown believes service of the original Complaint had not been properly effectuated on her). The Court, considering this Circuit's well-established policy disfavoring defaults, exercises its discretion to vacate default. *See United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194-95 (3d Cir.

2. The entry of default against Defendant Tracy Brown, *see* ECF No. 12, is **VACATED**;

3. Defendants Bowers and Brown shall respond to the Amended Complaint no later than **July 18, 2025**.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

1984) (holding that defaults and default judgments are disfavored and that any doubts should be resolved in favor of the party moving to set aside default).