IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DUSTIN OF THE FAMILY PATRICK, | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | |
| JAYLENE BOWERS, et al., | : | |
| Defendants | : | No. 25-1847 |

**DEFENDANT BOWERS'
MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT**

Defendant Jaylene Bowers, Director of the Bureau of Child Support Enforcement, Pennsylvania Department of Human Services, moves the Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Plaintiff's claims asserted against her in the Amended Complaint (ECF No. 15), pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), because:

1. Defendant Bowers in her official capacity is not a "person" subject to claims for damages under § 1983.

2. By virtue of the Eleventh Amendment this Court lacks jurisdiction over Plaintiff's § 1983 damages claims against Defendant Bowers in her official capacity.

3. The Rooker-Feldman doctrine precludes subject matter jurisdiction over Plaintiff's injunctive relief claims against Defendant Bowers.

WHEREFORE, Defendant Bowers prays for an order dismissing her from this action.

Respectfully submitted,

DAVID W. SUNDAY, JR.
Attorney General

By:    s/ Kevin Bradford

Kevin R. Bradford
Senior Deputy Attorney General
Pa. Office of Attorney General     Attorney-in-Charge, Eastern Regional Office
1600 Arch St., Suite 300     Attorney I.D. No. 88576
Philadelphia, PA 19103
Phone: (267) 374-5450     Nicole R. DiTomo
Fax:    (717) 772-4526     Chief Deputy Attorney General
kbradford@attorneygeneral.gov     Civil Litigation Section
Date: July 16, 2025

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DUSTIN OF THE FAMILY PATRICK, | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | |
| JAYLENE BOWERS, et al., | : | |
| Defendants | : | No. 25-1847 |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT BOWERS'
MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT**

**I.      INTRODUCTION**

Plaintiff, "Dustin of the Family Patrick," apparently dissatisfied with the outcome of a state family court order regarding child support, has initiated this pro se § 1983 action against Pennsylvania Department of Human Services' Bureau of Child Support Enforcement Director, Jaylene Bowers, in her official capacity only, as well as a local official. Plaintiff bases all of his claims on his theory that he is being required to associate with a "IV-D" agency or program against his will. He seeks ten million dollars in damages and an injunction relieving him from child support obligations imposed as part of a completed state court proceedings, as well as refund of past payments attributed to those proceedings.

Plaintiff's claims against Bowers are plainly meritless and cannot proceed. His damages claims are barred because Bowers in her official capacity is not a "person" subject to suit under § 1983 and is protected by Eleventh Amendment immunity. Plaintiff's injunctive relief claims cannot proceed due to the Rooker-Feldman doctrine. Bowers therefore moves to dismiss the claims against her, pursuant to Rule 12.

**II.     RELEVANT FACTUAL ALLEGATIONS**

For purposes of this motion only, the factual allegations in the Amended Complaint ("AC" ECF No. 15)[1] must be deemed as true. The allegations material to the Motion are summarized as followed.

Although not entirely clear, Plaintiff's issues appear to originate with past child custody proceedings in Berks County Court of Common Pleas. *See* Exhibit 1 (Berks County Docket Summary No. 17-18352); Exhibit 2 (Berks County Docket Summary No. 18-19990). In March 2025, Plaintiff served Ms. Bowers, the Pennsylvania Department of Human Services' Bureau of Child Support Enforcement Director, with what he describes as a legal notice requiring her to terminate his unwanted association with the IV-D agency and his involuntary participation in the IV-D program. AC, p. 3.[2]

As explained elsewhere in the AC, Plaintiff's use of the term IV-D refers to 42 U.S.C. § 651 IV-D of the Social Security Act. AC, p. 2. Congress enacted Title IV-D of the Social Security Act:

> [f]or the purpose of enforcing the support obligations owed by noncustodial parents to their children and the spouse (or former spouse) with whom such children are living, locating noncustodial parents, establishing paternity, obtaining child and spousal support, and assuring that assistance in obtaining support will be available under this part to all children (whether or not eligible for assistance under a State program funded under part A) for whom such assistance is requested...

---

[1] After filing the initial Complaint and before any defendant filed a responsive pleading, Plaintiff filed an Amended Complaint, as is permitted without leave of the Court under Rule 15(a)(1).

[2] The AC is not separated into individually numbered paragraphs. Therefore, the only practical citation method is by page number.

42 U.S.C. § 651; Alonzo Jr. of the Fam. Sanford v. Hurst through Region 4 IV-D Agency, No. 24- 01406, 2025 WL 1448219, at *1 n. 1 (N.D. Ala. May 20, 2025).

Plaintiff maintains that Bowers' failure to comply with Plaintiff's legal notice to terminate his involuntary relationship with DHS violates his Constitutional rights. AC, p. 4. He brings claims under § 1983 asserting violations of his First, Fourth, Fifth, Seventh, Thirteenth, and Fourteenth Amendment rights. AC, pp. 5-6.

## III. ARGUMENT

### A. Applicable Standards

#### 1. *Rule 12(b)(1) – Lack of Subject Matter Jurisdiction*

An attack on the subject matter jurisdiction of a matter may be raised at the earliest stage of litigation. Fed.R.Civ.P. 12(h)(3). When a Fed.R.Civ.P. 12(b)(1) motion attacks subject matter jurisdiction prior to the filing of an answer, this is a facial attack. Nelson v. Commonwealth Department of Public Welfare, 244 F.Supp.382, 386 (E.D.Pa. 2002). In this situation the trial court shall accept the complaint's allegations as true. *See* Turicentro, S.A. v. American Airlines Inc., 303 F.3d 293, 300 n.4 (3d Cir. 2002). However, there are no favorable inferences to be drawn in favor of the plaintiff, Halstead v. Motorcycle Safety Foundation, Inc., 71 F.Supp.2d 464, 468 (E.D.Pa. 1999), and the plaintiff bears the burden of persuasion that jurisdiction exists. Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005). If it appears that the complaint fails to assert a colorable claim of subject matter jurisdiction, the complaint may be dismissed. Halstead, 71 F.Supp.2d at 468.

#### 2. *Rule 12(b)(6) – Failure to State a Claim*

Under Rule 12(b)(6), "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. *See also* Sheridan v. NGK Metals Corp., 609 F.3d 239, 262 n. 27 (3d Cir.2010). Although the plausibility standard "does not impose a probability requirement," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007), it does require a pleading to show "more than a sheer possibility that a defendant has acted unlawfully," Iqbal, 556 U.S. at 678. A complaint that pleads facts "merely consistent with a defendant's liability ... stops short of the line between possibility and plausibility of entitlement to relief." Id. The plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679.

Under the pleading regime established by Twombly and Iqbal, a court reviewing the sufficiency of a complaint must take three steps. First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." Iqbal, 556 U.S. at 675. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id., at 679. *See also* Burtch v. Milberg Factors, Inc., 662 F.3d 212, 224 (3d Cir.2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth.") Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679. *See* Connelly v. Lane Const. Corp., No. 14-3792, 2016 WL 106159, at *3-4 (3d Cir. Jan. 11, 2016). A complaint must "show" such an entitlement with its facts. Iqbal, 556 U.S. at 678-79. *See* Connelly, 2016 WL 106159, at *3-4; Santiago v. Warminster Twp., 629 F. 3d 121, 130 (3d Cir. 2010); Phillips v. County of Allegheny, 515 F. 3d 224, 234-235 (3d Cir. 2008).

**B. Section 1983 damages claims cannot be brought against Bowers in her Official Capacity**

Plaintiff brings § 1983 claims against Bowers in her official capacity and, at least partially, seeks relief in the form of monetary damages. It is well-established that Section 1983 does not provide for damages claims against a state or state officials in their official capacities. Will v. Michigan Department of State Police, 491 U.S. 58, 64, 70-71 (1989). *See also,* Fidtler v. Pennsylvania Department of Corrections, 55 Fed.Appx. 33, 2002 WL 31648368, at *1 (3d Cir. 2002).

Bowers is being sued in her capacity as a high ranking official of a Commonwealth agency. She cannot be sued for damages under § 1983, requiring dismissal of those claims.[3]

**C. The Eleventh Amendment precludes subject matter jurisdiction over Plaintiff's damages claims against Bowers in her Official Capacity**

The Eleventh Amendment also poses a barrier to Plaintiff's § 1983 damages claims against Bowers. The Eleventh Amendment immunizes states and their agencies from suit in the federal courts. Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261 (1997); Pennhurst State School and Hospital v. Halderman, 465 U.S. 89 (1984). State officials, when acting in their official capacities, receive the same protection from suit as is provided to their governmental entity. Hafer v. Melo, 502 U.S. 21, 25 (1991). The Eleventh Amendment "deprives federal courts of subject matter jurisdiction." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 693 n.2 (3d Cir. 1996).

---

[3] As argued in the next section, Plaintiff's claims are also barred by Eleventh Amendment immunity. Where a party contends that a claim is barred by the statute itself as well as the Eleventh Amendment, the court should first determine whether the statute itself allows the claim. Vermont Agency of Natural Resources v. U.S. ex rel. Stevens, 529 U.S. 765, 779 (2000). This guides the order of the arguments here.

Eleventh Amendment immunity can be overcome only when a state consents to being sued or Congress specifically abrogates this immunity pursuant to a valid exercise of power. Kimel v. Florida Bd. of Regents, 528 U.S. 62, 72-73 (2000). Neither exception applies here. The Commonwealth of Pennsylvania has explicitly withheld its consent to suit in federal court. 42 Pa.C.S. § 8521(b). "Since Congress expressed no intention of disturbing the states' sovereign immunity in enacting § 1983, these suits, when brought against a state, are barred by the Eleventh Amendment." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 697 (3d Cir. 1996) (*citing* Will, 491 U.S. 58; Quern v. Jordan, 440 U.S. 332, 339-46 (1979)).

Accordingly, this court lacks subject matter over Plaintiff's § 1983 claims for damages against Bowers.

### D. The Rooker-Feldman doctrine precludes subject matter jurisdiction over Plaintiff's claims for injunctive relief against Bowers

The courts have developed a limited exception to a state's Eleventh Amendment immunity for certain claims. To "ensure[ ] that state officials do not employ the Eleventh Amendment as a means of avoiding compliance with federal law," *see* Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 (1993), a federal court "may enjoin state officials to conform their future conduct to the requirements of federal law." Quern v. Jordan, 440 U.S. 332, 337 (1979). This exception allowing certain kinds of declaratory or injunctive relief against state officials in their official capacity—initially noted in Ex parte Young, 209 U.S. 123 (1908)—is "narrow," in that it "applies only to prospective relief, [and] does not permit judgments against state officers declaring that they violated federal law in the past." Puerto Rico Aqueduct, 506 U.S. at 146. "In determining whether the doctrine of Ex parte Young avoids an Eleventh Amendment bar to suit, a court need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief

properly characterized as prospective.'" Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Md., 535 U.S. 635, 645 (2002). An official is a proper party to this kind of suit if the official "by virtue of his [or her] office has some connection with the enforcement of the act" sought to be enjoined. Ex parte Young, 209 U.S. at 157. To fall within the reach of Ex parte Young, there must be "a sufficient connection between the state official and the offending conduct in question." Doe v. Wolf, No. 16-6039, 2017 WL 3620005, at *11 (E.D. Pa. Aug. 23, 2017).

In addition to seeking damages, Plaintiff asks this Court to essentially invalidate the state court's child support orders. The Rooker-Feldman doctrine provides a jurisdictional bar to the claims seeking such relief. *See* Alonzo Jr. of the Fam. Sanford, 2025 WL 1448219, at *4 (*citing* Efron v. Candelario, 110 F.4th 1229, 1235 (11th Cir. 2024)). "That doctrine 'prohibits federal courts from adjudicating cases brought by state-court losing parties challenging state-court judgments.'" Id. (*quoting* Reed v. Goertz, 598 U.S. 230, 235 (2023)). "The doctrine represents 'a straightforward application of the statutes establishing [federal court] jurisdiction,' as 'federal district courts cannot review or reject state court judgments rendered before the district court litigation began.'" Id. (*quoting* Behr v. Campbell, 8 F.4th 1206, 1212 (11th Cir. 2021)).

The District Court in Alonzo Jr. of the Fam. Sanford was recently faced with nearly identical claims that Plaintiff brings here. The Court dismissed those claims pursuant to the Rooker-Feldman doctrine. In doing so, the Court observed that these IV-D claims have been brought in District Courts across the country and that they have routinely rejected them under Rooker-Feldman, finding them to be impermissible challenges to a state court judgment. Id. at *5 (*citing and describing* Lewis v. 22nd Jud. Cir. Ct., No. 25-CV-10741, 2025 WL 864264, at *2 (E.D. Mich. Mar. 19, 2025); John of the Family Springer v. Stack, No. 24 -6672, 2025 WL 1115022, at *3 (S.D.N.Y. Apr. 14, 2025); Dietz v. Dep't of Soc. Servs. Child Support, No. 23-

04114, 2024 WL 1882165, at *12 (D.S.D. Apr. 30, 2024), *appeal dismissed sub nom.*, No. 24-2423, 2024 WL 5319097 (8th Cir. July 15, 2024); Martin v. Taylor Cnty., No. 23-0052, 2023 WL 11052640, at *6-7 (N.D. Tex. Dec. 22, 2023), *report and recommendation adopted*, 2024 WL 965298 (N.D. Tex. Mar. 6, 2024); Cardenas v. Region 9 IV-D, No. 23-1220, 2023 WL 9004996, at *8 (C.D. Cal. Nov. 7, 2023), *report and recommendation adopted*, 2023 WL 9002726 (C.D. Cal. Dec. 28, 2023); Sanders-Bey v. Massachusetts Dep't of Revenue, No. 20-0533, 2021 WL 11644427, at *3 (M.D. Fla. Mar. 29, 2021), *report and recommendation adopted*, 2021 WL 11644425 (M.D. Fla. Apr. 15, 2021); Baylor v. Eto, No. 19-0442, 2019 WL 3470798, at *4 (D. Minn. May 30, 2019), *report and recommendation adopted*, 2019 WL 3456841 (D. Minn. July 31, 2019); Troy of Fam. Carslake v. Dep't of Child Support Servs., No. 18-6176, 2019 WL 2142036, at *7 (N.D. Cal. May 16, 2019)

While Plaintiff alleges he is not seeking to overturn state court child support orders, this contention is plainly contradicted by the injunctive relief he seeks – the invalidation of child support orders issued by a state court and refunds of past payments under those orders. Nor does it matter that Plaintiff is bringing his claims against an official who leads an office tasked with securing compliance with these orders. *See* John of the Fam. Springer, 2025 WL 1115022, at *3 ("Also barred under this doctrine are claims arising out of a third party's actions when those actions 'are produced by a state-court judgment and not simply ratified, acquiesced in, or left unpunished by it.'") (*quoting* Hoblock v. Albany Cnty. Bd. of Elections, 422 F.3d 77, 88 (2d Cir. 2005))

Accordingly, this Court lacks jurisdiction over Plaintiff's injunctive relief claims against the Defendant Bowers. Plaintiff should pursue any challenges to the state court orders in state court.

## IV. CONCLUSION

Based on the foregoing, the Court should grant Defendant Bowers' Motion to Dismiss the Amended Complaint and dismiss her from this action.

Respectfully submitted,

DAVID W. SUNDAY, JR.
Attorney General

By:    s/ Kevin Bradford

Kevin R. Bradford
Senior Deputy Attorney General
Pa. Office of Attorney General        Attorney-in-Charge, Eastern Regional Office
1600 Arch St., Suite 300              Attorney I.D. No. 88576
Philadelphia, PA 19103
Phone: (267) 374-5450                 Nicole R. DiTomo
Fax:    (717) 772-4526                Chief Deputy Attorney General
kbradford@attorneygeneral.gov         Civil Litigation Section

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DUSTIN OF THE FAMILY PATRICK, | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | |
| JAYLENE BOWERS, et al., | : | |
| Defendants | : | No. 25-1847 |

# CERTIFICATE OF SERVICE

I, Kevin R. Bradford, hereby certify that Defendant Bowers' Motion to Dismiss the Amended Complaint has been filed electronically on July 16, 2025 and is available for viewing and downloading from the Court's Electronic Case Filing System ("ECF"). The following parties are as receiving filings through ECF and are therefore automatically served by electronic means:

- **DUSTIN OF THE FAMILY PATRICK**
  DUSTINPATRICK8@GMAIL.COM
- **Jennifer M. Herrmann**
  legaldepartment@pacourts.us, jennifer.herrmann@pacourts.us

By:     s/ Kevin Bradford

Kevin R. Bradford
Office of Attorney General                Senior Deputy Attorney General