IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Dustin of the Family Patrick | : | |
| | : | Civil Action |
| *Plaintiff* | : | |
| | : | No. 5:25-cv-1847 |
| v. | : | |
| | : | |
| Jayleen Bowers through the IV-D Agency, et al. | : | |
| | : | |
| *Defendants* | : | |
| | : | |

# <u>ORDER</u>

**AND NOW**, this _____ day of _____, 2024, upon consideration of the Motion to Dismiss filed on behalf of defendant Tracy Brown, and any response thereto, it is hereby **ORDERED** that the Motion to Dismiss is **GRANTED**. Plaintiff's Amended Complaint is hereby **DISMISSED** with prejudice and without leave to amend.

_____
**J.**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Dustin of the Family Patrick | : | |
| | : | Civil Action |
| *Plaintiff* | : | |
| | : | No. 5:25-cv-1847 |
| v. | : | |
| | : | |
| Jayleen Bowers through the IV-D Agency, et al. | : | |
| | : | |
| *Defendants* | : | |
| | : | |

**<u>Defendant Tracy Brown's Motion to Dismiss the Amended Complaint</u>**

Defendant Director Tracy Brown moves to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) on the following grounds:

1. Plaintiff brings this Section 1983 action against Jayleen Bowers of Health and Human Services and Tracy Brown of the Berks County Domestic Relations Section ("the DRS"). (Amended Complaint, ¶ I.B.-C., § II.)

2. He names defendant Tracy Brown in her official capacity as the director of the DRS. (Amended Complaint, ¶ I.C.)

3. He states that she works in compliance with a IV-D plan and is responsible for establishing paternity and enforcing child support orders. (Amended Complaint, ¶ I.C.)

4. While the Amended Complaint consists of mostly legal or legal-sounding arguments and the factual allegations are sparse, Plaintiff states that he did not consent to associate with the IV-D agency or to answer to the legal name "DUSTIN PATRICK" and he advised the defendants as much. (Amended

Complaint, § IV, p. 4.)

5. He asserts myriad violations of his Constitutional rights, citing to his involuntary participation with the IV-D program. (Amended Complaint, ¶ V.B.)

6. While asserting that this matter is not about a court order to pay child support (Amended Complaint, § III), Plaintiff seeks "termination of [his] nonconsensual unconstitutional association with the IV-D agency," "termination of his nonconsensual unconstitutional involuntary participation in the IV-D program," and a refund of $37,000 plus interest "for monies extracted . . . during [his] involuntary participation" (Amended Complaint, Prayer for Relief, ¶¶ 1-2).

7. Eleventh Amendment immunity precludes the claims against Director Brown in her official capacity.

8. Pursuant to the *Rooker-Feldman* doctrine, this Court is prevented from exercising jurisdiction over Plaintiff's claims because he is asking the federal court to overrule state court child support orders.

9. In light of these defenses, this case should be dismissed without leave to amend because it would be futile to again amend the pleadings.

**WHEREFORE**, defendant Tracy Brown respectfully requests that this Honorable Court dismiss her from this case with prejudice and without leave to amend.

> Respectfully submitted,
>
> **s/ Jennifer M. Herrmann**
> Jennifer M. Herrmann
> Attorney I.D. No. PA 209512
> Administrative Office of PA Courts
> 1515 Market Street, Suite 1414
> Philadelphia, PA 19102
> legaldepartment@pacourts.us
> Phone: (215) 560-6326
> Fax: (215) 560-5486
>
> *Attorney for defendant*
> *Tracy Brown*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Dustin of the Family Patrick | : | |
| | : | Civil Action |
| *Plaintiff* | : | |
| | : | No. 5:25-cv-1847 |
| v. | : | |
| | : | |
| Jayleen Bowers through the IV-D Agency, et al. | : | |
| | : | |
| | : | |
| *Defendants* | : | |
| | : | |

**Brief in Support of Defendant Tracy Brown's**
**Motion to Dismiss the Amended Complaint**

I.  **Statement of Facts**

Plaintiff Dustin of the Family Patrick has sued Tracy Brown in her official capacity as the director of the Berks County Domestic Relations Section. (Amended Complaint, ¶ I.B.-C., § II.) Director Brown works in compliance with a IV-D plan and is responsible for establishing paternity and enforcing child support orders. (Amended Complaint, ¶ I.C.) Plaintiff states that he did not consent to associate with the IV-D agency or to answer to the legal name "DUSTIN PATRICK" and he advised the defendants as much. (Amended Complaint, § IV, p. 4.) He seeks "termination of [his] nonconsensual unconstitutional association with the IV-D agency," "termination of his nonconsensual unconstitutional involuntary participation in the IV-D program," and a refund of $37,000 plus interest "for monies extracted . . . during [his] involuntary participation." (Amended Complaint, Prayer for Relief, ¶¶ 1-2.)

## II. Statement of the Questions Involved

1. Does Eleventh Amendment immunity preclude official-capacity claims against Director Brown because they are improper claims against the state?

Answer: Yes

2. Does the *Rooker-Feldman* doctrine prevent this Court from exercising jurisdiction over Plaintiff's claims because he is asking the federal court to overrule a state court decision?

Answer: Yes

3. Would it be futile to allow Plaintiff to amend the Amended Complaint?

Answer: Yes

## III. Summary of Argument

Plaintiff brings this case because he does not want to pay child support pursuant to a valid state court order. Following the imposition of a child support order, Title IV-D of the Social Security Act enables state-designated agencies to collect child support through, for example, wage withholding. Plaintiff has sued Director Brown in her official capacity as the director of the Domestic Relations Section to terminate his association with the IV-D agency and to refund the monies taken from him in connection with that association. In other words, Director Brown, as part of her responsibility to establish paternity and enforce child support orders, performed some unspecified activity to collect from Plaintiff his payment obligation pursuant to a state court child support order.

Plaintiff's lawsuit must be dismissed because the Eleventh Amendment bars

Plaintiff's claim against Director Brown in her official capacity, as it is effectively a claim against the Commonwealth. Additionally, Plaintiff is inappropriately asking this Court to interfere with a state court judgment, which is barred by the *Rooker-Feldman* doctrine. As set forth below, the Amended Complaint must be dismissed without leave to further amend.

IV. **Argument**

    A. **Plaintiff's Amended Complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).**

In ruling on a Rule 12(b)(6) motion, the court must accept as true all well-pleaded allegations of fact in the plaintiff's complaint and any reasonable inferences that may be drawn therefrom and must determine whether "under any reasonable reading of the pleadings, the plaintiff may be entitled to relief." *Nami v. Faulver*, 82 F.3d 63, 65 (3d Cir. 1996). Nevertheless, in evaluating a plaintiff's pleadings, the court need not credit a complaint's "bald assertions" or legal conclusions. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion, the court does not "inquire whether plaintiff will ultimately prevail, only whether he is entitled to offer evidence to support his claims." *Nami*, 82 F.3d. at 65. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007). According to the United States Supreme Court:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation omitted.] A claim has facial plausibility

3

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A Rule 12(b)(1) motion is the proper vehicle for asserting Eleventh Amendment immunity because it "is a jurisdictional bar which deprives federal courts of subject matter jurisdiction." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 694 n.2 (3d Cir. 1996).

Pursuant to this standard and for the reasons set forth below, Plaintiff's Amended Complaint must be dismissed as against Director Brown.

**B. The Amended Complaint must be dismissed because Eleventh Amendment immunity precludes Plaintiff's official-capacity claims against Director Brown.**

Director Brown is an officer of the Court of Common Pleas of Delaware County, which is an entity of the Unified Judicial System of Pennsylvania pursuant to 42 Pa. C.S.A. § 301(4). As such, Director Brown in her official capacity is entitled to the protection from suit in federal court afforded by the Eleventh Amendment to the United States Constitution. A suit against a state official in his official capacity is deemed a suit against the state. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). When a state official is sued in an official capacity, the real party in interest is the government entity of which the official is an agent. *Hafer v. Melo*, 502 U.S. 21, 26 (1991).

The state courts of Pennsylvania, which includes their domestic relations sections ("DRS"), are entitled to immunity from suit in federal court pursuant to the

4

Eleventh Amendment. *Bryant v. Cherna*, 520 F. App'x 55, 57 (3d Cir. 2013) (citing *Haybarger v. Lawrence Cnty. Adult Prob. & Parole*, 551 F.3d 193, 198 (3d Cir. 2008)). This includes claims against a DRS director in her official capacity. *Id.* at 58. *See also Siluk v. Merwin*, 783 F.3d 421, 423, n.5 (3d Cir. 2015), *as amended* (Apr. 21, 2015), *as amended* (Apr. 28, 2015), and *abrogated on other grounds by Bruce v. Samuels*, 577 U.S. 82 (2016) (director of Perry County DRS entitled to Eleventh Amendment immunity); *Sheils v. Bucks Cnty. Domestic Rels. Section*, 921 F. Supp. 2d 396, 406 (E.D. Pa. 2013) (director of Bucks County DRS enjoyed Eleventh Amendment immunity from suit for retrospective injunctive and declaratory relief and damages under Section 1983). As in these case, Director Brown, as a DRS director, is entitled to Eleventh Amendment immunity.

There are three exceptions to this immunity: "(1) congressional abrogation, (2) waiver by the state, and (3) suits against individual state officers for prospective injunctive and declaratory relief to end an ongoing violation of federal law." *Pennsylvania Fed'n of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 323 (3d Cir. 2002). None of these exceptions is applicable to Plaintiff's damages claims, as "it is well established that Pennsylvania has not waived this immunity from suit in federal court and that Congress, in enacting 42 U.S.C. §§ 1983 and 1985, did not abrogate this immunity[.]" *Conklin v. Anthou*, 495 F. App'x 257, 263 (3d Cir. 2012). Nor does the third exception rescue Plaintiff's claims from dismissal, as he has not sought prospective relief to end an ongoing violation of federal law. He seeks only to terminate his responsibilities under an existing child support order, which

constitutes retroactive relief. *See Alonzo Jr. of the Fam. Sanford v. Hurst through Region 4 IV-D Agency*, No. 5:24-CV-01406-CLS, 2025 WL 1448219, at *6 (N.D. Ala. May 20, 2025) (citing 42 U.S.C. § 652(b)) (the IV-D statute permits its agencies to pursue collection only after a state court has entered a judgment); *Goodson v. Maggi*, 797 F. Supp. 2d 604, 624 n.9 (W.D. Pa. 2011) (rejecting a plaintiff's attempt to "bootstrap the effect of the state judges' previous rulings into an ongoing federal violation"). As none of the exceptions to Eleventh Amendment sovereign immunity apply, the Amended Complaint must be dismissed.

### C. The Amended Complaint must be dismissed because this Honorable Court lacks subject matter jurisdiction over Plaintiff's claim, which seeks appellate review of a state court judgment.

Principles of federalism and comity prevent federal courts from interfering with or reviewing state court judgments. In this case, Plaintiff's Amended Complaint concerns a state court child support order. Plaintiff expressly requests an order terminating his association with the Title IV-D agency, an association which exists only because a child support order is in place. For the reasons set forth below, Plaintiff's attempt to overturn a state court judgment must be rejected and his Amended Complaint dismissed.

Under the long-established *Rooker-Feldman* doctrine, federal courts lack jurisdiction to review state court judgments where the relief sought is in the nature of appellate review. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). Federal district courts are not open to appeals from disappointed state court litigants. *Malhan v. Sec'y*

*United States Dep't of State*, 938 F.3d 453, 458 (3d Cir. 2019). The doctrine applies to "[1] cases brought by state-court losers [2] complaining of injuries caused by state-court judgments [3] rendered before the district court proceedings commenced and [4] inviting district court review and rejection of those judgments." *Id.* The doctrine applies even if a plaintiff alleges deprivations of federal due process and equal protection rights. *Feldman*, 460 U.S. at 485. The second and fourth requirements carry the most weight. *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010).

In this case and by way of relevant background, Congress enacted Title IV-D of the Social Security Act

> [f]or the purpose of enforcing the support obligations owed by noncustodial parents to their children and the spouse (or former spouse) with whom such children are living, locating noncustodial parents, establishing paternity, obtaining child and spousal support, and assuring that assistance in obtaining support will be available under this part to all children (whether or not eligible for assistance under a State program funded under part A) for whom such assistance is requested ....

*Alonzo Jr., supra*, 2025 WL 1448219, at *1, n.1 (quoting 42 U.S.C. § 651). Title IV-D also provides for the collection of financial support for children through, *inter alia*, liens on property, withholding of wages and unemployment compensation, and interception of tax refunds. *Pitts v. Tate*, 76 Pa. D. & C.4th 144, 148 (Com. Pl. 2005), *aff'd*, 902 A.2d 990 (Pa. Super. 2006) (citing 42 U.S.C. § 654 *et seq*.) In Pennsylvania:

> In order to participate in the Child Support Enforcement program, each state must designate the IV-D agency responsible for administering the program. 42 U.S.C. §654(3). Under section 4307 of the state Domestic Relations Code, the Department of Public Welfare (DPW) has been designated the IV-D agency in Pennsylvania[.] The Pennsylvania program is formally administered by the Bureau of Child Support Enforcement

7

> (BCSE), a division of the DPW. The BCSE has entered into title IV-D Cooperative Agreements with each county under which the Domestic Relations sections are responsible for local and county title IV-D program operations[.] See http://www.dpw.state.pa.us/general (last visited 11/9/05); *Rogers v. Bucks County Domestic Relations Section*, 959 F.2d 1268, 1270 (3d Cir. 1992).

*Id.* at 149.

The *Rooker-Feldman* doctrine strips a district court of jurisdiction to review a state court adjudication. Despite this doctrine's narrow scope, the Third Circuit has held that it applies to state court judgments ordering child support payments. *Gittens v. Kelly*, 790 F. App'x 439, 441 (3d Cir. 2019). As in *Gittens*, *Rooker-Feldman's* requirements are met here. Plaintiff has complained that he was injured by a state court judgment that required that he pay child support, the judgment predated his federal complaint, and he has asked this Court to invalidate that judgment. Plaintiff has couched the injury as "involuntary participation in the IV-D program" and the relief sought to be termination of said participation, but there is no participation in the IV-D program without the need to collect financial support for children pursuant to a court order.

In a case nearly identical to the case at bar,[1] the court observed: "District courts across the country . . . have relied upon the *Rooker-Feldman* doctrine to dismiss constitutional claims similar to those plaintiff raises here as impermissible challenges to a state court judgment." *Alonzo Jr.*, 2025 WL 1448219, at *5 (collecting cases and

---

[1] Plaintiff "Alonzo Jr., of the Family Sanford" filed suit pursuant to Section 1983 against the director of the IV-D agency, in her official capacity, for the alleged violation of his Constitutional rights arising from the director's efforts to collect child support through Title IV-D. *Alonzo Jr.*, 2025 WL 1448219, at *1.

8

observing that *Rooker-Feldman* bars challenges the validity of a state court child support judgment). This includes courts within the Third Circuit. *See Moffett v. Risch*, No. CV231602RKJBD, 2023 WL 4348743, at *3, *3 n.2 (D.N.J. July 5, 2023) (the plaintiff's efforts to "wipe clean the 'IV-D security interest[s]'" and receive a refund of garnished wages was an attempt to reverse the underlying family court judgment and was barred by *Rooker-Feldman*).[2] It should be noted too that Plaintiff does not have a constitutional right to refuse to support his child. *See Dubay v. Wells*, 442 F. Supp. 2d 404, 409 (E.D. Mich. 2006), *aff'd*, 506 F.3d 422 (6th Cir. 2007).

Plaintiff claims that this case is not about a court order to pay child support and that he is not inviting this Court to review and reject the judgment. (Complaint, §

---

[2] *See also Cardenas v. Region 9 IV-D*, No. 5:23-CV-01220-JWH-JC, 2023 WL 9004996, at *8 (C.D. Cal. Nov. 7, 2023), *report and recommendation adopted*, No. 5:23-CV-01220-JWH-JC, 2023 WL 9002726 (C.D. Cal. Dec. 28, 2023) (citing *Doe v. Mann*, 415 F.3d 1038, 1042 (9th Cir. 2005)) (the plaintiff's efforts to terminate IV-D services and obtain a refund was a de facto appeal barred pursuant to *Rooker-Feldman*); *Bianchi v. Coffin*, No. 8:23-CV-02316-KKM-AEP, 2023 WL 12078258, at *3 (M.D. Fla. Dec. 21, 2023), *report and recommendation adopted*, No. 8:23-CV-2316-KKM-AEP, 2024 WL 5671936 (M.D. Fla. Jan. 10, 2024) (the plaintiff's claims based on child support enforcement proceedings in state court were dismissed for lack of jurisdiction under *Rooker-Feldman*); *Richards v. Harris*, No. 8:23-CV-269-SDM-JSS, 2023 WL 6940278, at *1, *3 (M.D. Fla. July 25, 2023), *report and recommendation adopted*, No. 8:23-CV-269-SDM-JSS, 2023 WL 6940271 (M.D. Fla. Sept. 11, 2023) (the court lacked jurisdiction over the plaintiff's request for money taken by the Title IV-D program to the extent that he sought to appeal state court losses relating to a child support order); *Harvison v. Little*, No. 122CV01103JDBJAY, 2023 WL 3432190, at *5 (W.D. Tenn. Mar. 3, 2023), *report and recommendation adopted*, No. 1:22-CV-01103-JDB-JAY, 2023 WL 3147905 (W.D. Tenn. Apr. 28, 2023), *aff'd*, No. 23-5516, 2024 WL 2806329 (6th Cir. Jan. 24, 2024) (dismissing the plaintiff's "meritless action in seeking to shirk his child support obligations"); *Troy of Fam. Carslake v. Dep't of Child Support Servs.*, No. 18-CV-06176-YGR, 2019 WL 2142036, at *7 (N.D. Cal. May 16, 2019) (the plaintiff's effort to terminate the Section IV-D child support collection case against him and refund his garnished wages was barred by *Rooker-Feldman*).

III.) However, his requested relief – to terminate his association with the IV-D agency and issue him a refund – makes clear that he is trying to overturn the child support order entered by the state court. *See Bianchi*, 2023 WL 12078258, at *2-*3 (rejecting the plaintiff's assertion that he was not seeking appellate review, as his claims were "inextricably intertwined" with the state court action). In this case, Plaintiff's association with the Title IV-D agency exists only because there is a child support order in place. In fact, Plaintiff admits that Director Brown works in compliance with a IV-D plan and is responsible for enforcing child support orders. Respectfully, this Court is without jurisdiction to interfere with a state child support order or Director Brown's efforts to collect pursuant to that order.

### D. The Complaint must be dismissed with prejudice because amendment would be futile.

Leave to amend is typically granted liberally, but a court may deny leave to amend when the amendment would be futile. *Wolfington v. Reconstructive Orthopaedic Associates II PC*, 935 F.3d 187, 210 (3d Cir. 2019). Amendment would be futile in this case. *See Harper-Bey v. New Jersey*, 512 F. App'x 128, 129, n. 1 (3d Cir. 2013) (district court did not err by not allowing the plaintiff leave to amend because the panel did not see how the plaintiff could have amended his complaint to overcome Eleventh Amendment immunity); *Mehta v. City of Jersey City*, 360 F. App'x 270, 271 (3d Cir. 2010) (dismissal based on *Rooker-Feldman* is recognized as a situation where amendment of a complaint is futile). Because Plaintiff's claims are barred by the Eleventh Amendment and the *Rooker-Feldman* doctrine, filing another amendment would be futile.

## V. Conclusion

Director Brown respectfully requests that this Honorable Court grant her motion and dismiss the claims against her with prejudice.

Respectfully submitted,

**s/ Jennifer M. Herrmann**
Jennifer M. Herrmann
Attorney I.D. No. PA 209512
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, PA 19102
legaldepartment@pacourts.us
Phone: (215) 560-6326
Fax: (215) 560-5486
***Attorney for defendant***
***Tracy Brown***

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Dustin of the Family Patrick | : | |
| | : | Civil Action |
| *Plaintiff* | : | |
| | : | No. 5:25-cv-1847 |
| v. | : | |
| | : | |
| Jayleen Bowers through the IV-D Agency, et al. | : | |
| | : | |
| *Defendants* | : | |
| | : | |

## Certificate of Service

The undersigned certifies that on July 17, 2025, she personally caused the foregoing *Motion to Dismiss, Brief in Support, and Proposed Order* to be served by CM/ECF on Plaintiff and all counsel of record.

                                          **s/ Jennifer M. Herrmann**
                                          Jennifer M. Herrmann
                                          Attorney I.D. No. PA 209512
                                          Administrative Office of PA Courts
                                          1515 Market Street, Suite 1414
                                          Philadelphia, PA 19102
                                          legaldepartment@pacourts.us
                                          Phone: (215) 560-6326
                                          Fax: (215) 560-5486
                                          ***Attorney for defendant***
                                          ***Tracy Brown***