# IN THE UNITED STATES DISTRICT COURT
# CIVIL ACTION
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DUSTIN OF THE FAMILY PATRICK
Plaintiff,

                                v. Civil Action No. 5:25-cv-01847

JAYLENE BOWERS and TRACY BROWN Defendant.

STATEMENT OF FACTS

1. Plaintiff was denied a passport by the U.S. Department of State on January 8, 2025, after the Department of Health and Human Services certified that Plaintiff owed child support arrears.

2. Plaintiff was never afforded a hearing nor entered into any agreement with the IV-D program and never applied for its services.

3. Plaintiff's pay stubs show ongoing involuntary wage garnishments marked as "SPT/WAGEAGRMNT – 160.62" taken from his income without consent or court adjudication.

4. Plaintiff was forced into a relationship with a for-profit Title IV-D agency against his will, violating his constitutionally protected right under the First Amendment not to associate with or contract with a private entity.

5. Plaintiff was prevented from traveling internationally due to these enforcement actions, further amplifying the constitutional harm.

These facts support that the constitutional violations are ongoing and are not limited to past state court actions.

PLAINTIFF'S RESPONSE AND OBJECTION TO DEFENDANT JAYLENE BOWERS' MOTION TO DISMISS

Plaintiff, Dustin of the Family Patrick, respectfully submits this response in opposition to Defendant Jaylene Bowers' Motion to Dismiss filed on July 16, 2025. Defendant Bowers raises three defenses under Rule 12(b)(1) and 12(b)(6): Eleventh Amendment immunity, non-person status under 42 U.S.C. § 1983, and the Rooker-Feldman doctrine. Plaintiff respectfully objects to each for the following reasons:

1. Eleventh Amendment immunity and "non-person" status under §1983 only apply to monetary claims against officials in their official capacity. However, Plaintiff's Complaint seeks injunctive and declaratory relief as the primary remedy for ongoing violations of constitutional rights—especially First Amendment freedom of association—not damages alone.

2. Plaintiff does not seek to overturn or appeal a state court judgment. Rather, Plaintiff challenges the present and ongoing enforcement of involuntary participation in the IV-D program without application or consent, in violation of federally protected rights. This constitutes a present and independent federal

question. The Rooker-Feldman doctrine does not apply to independent constitutional claims.

3. Under the Ex Parte Young exception, claims for prospective injunctive relief to end ongoing constitutional violations by a state official are expressly allowed, even where sovereign immunity exists. Plaintiff alleges precisely that: an unconstitutional, compelled relationship with a state-run program against his will.

WHEREFORE, Plaintiff respectfully requests that the Court deny Defendant Bowers' Motion to Dismiss in its entirety and allow this matter to proceed on the merits.

Respectfully submitted,
/s/ Dustin Patrick
Dustin of the Family Patrick
Plaintiff, Pro Se