IN THE UNITED STATES DISTRICT COURT
CIVIL ACTION
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DUSTIN OF THE FAMILY PATRICK
Plaintiff,

v. Civil Action No. 5:25-cv-01847

TRACY BROWN Defendant.

PLAINTIFF'S OPPOSITION TO DEFENDANT TRACY BROWN'S MOTION TO DISMISS

Plaintiff, Dustin of the Family Patrick, respectfully submits this Opposition to Defendant Tracy Brown's Motion to Dismiss filed on July 17, 2025. For the reasons stated below, the motion should be denied in its entirety.

I. LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

II. ARGUMENT

A. Plaintiff Has Properly Stated a Claim Under 42 U.S.C. § 1983

Plaintiff alleges that Tracy Brown, acting under color of state law, violated his constitutional rights by enforcing administrative child support procedures that resulted in involuntary wage garnishments and the denial of a passport without judicial due process. These allegations, taken as true, support plausible claims for relief under the First and Fifth Amendments.

B. Defendant Is Not Entitled to Sovereign Immunity

Plaintiff brings this action against Tracy Brown in her individual capacity. Sovereign immunity under the Eleventh Amendment does not apply to suits against state officials sued in their personal capacities for actions taken under color of law. Hafer v. Melo, 502 U.S. 21, 25 (1991).

C. Rooker-Feldman Doctrine Does Not Apply

Defendant may argue that Plaintiff's claims are barred by the Rooker-Feldman doctrine. However, Plaintiff does not challenge a state court judgment. Rather, he asserts independent constitutional violations arising from administrative enforcement actions. The Third Circuit has held that Rooker-Feldman does not apply where the plaintiff presents an independent claim. See Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159 (3d Cir. 2010).

D. Plaintiff Has Alleged Concrete Harm

Plaintiff has suffered real injury, including wage garnishment (Exhibit B), a denial of passport services

(Exhibit A), and interference with his right to travel and associate freely. These injuries are directly traceable to Defendant's actions and are redressable by this Court.

III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant Tracy Brown's Motion to Dismiss in its entirety.

CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2025, a true and correct copy of the foregoing Opposition to Motion to Dismiss was served via email to counsel for Defendant at legaldepartment@pacourts.us.

 Respectfully submitted,

/s/ Dustin Patrick
Dustin of the Family Patrick
Plaintiff, Pro Se