IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DUSTIN OF THE FAMILY PATRICK, | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | |
| JAYLENE BOWERS, et al., | : | |
| Defendants | : | No. 25-1847 |

**DEFENDANT BOWERS'
RESPONSE TO
PLAINTIFF'S OBJECTION TO
UNAUTHORIZED REPRESENTATION**

Following the filing of Jaylene Bowers' Motion to Dismiss (ECF No. 26) Plaintiff filed a document objecting to undersigned counsel's "unauthorized" representation of Jaylene Bowers, who is sued for conduct takes as the Pennsylvania Department of Human Services' Director of the Bureau of Child Support Enforcement (ECF No. 30). Plaintiff's objection should be overruled for the reasons set forth in the attached memorandum of law.

WHEREFORE, Defendant Bowers prays for an order overruling Plaintiff's objection to undersigned counsel's representation of Jaylene Bowers.

                                  Respectfully submitted,

                                  DAVID W. SUNDAY, JR.
                                  Attorney General

                    By:    s/ Kevin Bradford

                                  Kevin R. Bradford
                                  Senior Deputy Attorney General
Pa. Office of Attorney General        Attorney-in-Charge, Eastern Regional Office
1600 Arch St., Suite 300               Attorney I.D. No. 88576

Philadelphia, PA 19103
Phone: (267) 374-5450
Fax:    (717) 772-4526
kbradford@attorneygeneral.gov
Date:  August 1, 2025

Nicole R. DiTomo
Chief Deputy Attorney General
Civil Litigation Section

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DUSTIN OF THE FAMILY PATRICK, | : | CIVIL ACTION |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| JAYLENE BOWERS, <u>et al.</u>, | : | |
| | : | |
| Defendants | : | No. 25-1847 |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT BOWERS' RESPONSE TO
PLAINTIFF'S OBJECTION TO
<u>UNAUTHORIZED REPRESENTATION</u>**

**I.     INTRODUCTION/BACKGROUND**

Plaintiff, "Dustin of the Family Patrick," apparently dissatisfied with the outcome of a state family court proceeding regarding child support, has initiated this pro se § 1983 action. Named as defendants are Pennsylvania Department of Human Services Bureau of Child Support Enforcement Director, Jaylene Bowers, as well as a local official, Tracy Brown.[1] The operative Complaint is the Amended Complaint (AC) filed at ECF No. 15. As the AC explicitly states, Plaintiff is suing Bowers and Brown in their official capacities only. AC p. 1 §I (A)-(B).

In accordance with the Commonwealth Attorney's Act, 71 P.S. § 732-101 *et seq.*, representation of Defendant Bowers was referred to the Pennsylvania Office of Attorney General (OAG), which has filed a Motion to Dismiss on Defendant Bowers' behalf. ECF No. 26. In addition to filing a response in opposition to that Motion (ECF No. 28), Plaintiff separately filed a one-page document titled "Notice of Clarification and Objection to Unauthorized Representation" (ECF No. 30), through which Plaintiff objects to OAG's representation of

---

[1] Defendant Brown is separately represented.

Bowers, because he is really suing Bowers in her individual capacity. Defendant Bowers hereby responds to that objection.

## II. ARGUMENT

Plaintiff's objection is meritless and should be summarily denied, as it both factually and legally flawed. Factually, the AC is clear in that Plaintiff is suing the defendants in their official capacities only. If Plaintiff seeks to sue the defendants in their individual capacities, he must secure leave from the Court to file an amended complaint.[2]

Legally, regardless of the capacity in which Plaintiff sues Defendant Bowers, she is entitled to OAG representation in this action, as it pertains to her actions as a Commonwealth official. The Commonwealth Attorneys Act, 71 P.S. § 732-101 *et seq.*, specifically provides that "[t]he Attorney General shall represent the Commonwealth and all Commonwealth agencies ... in any action brought by or against the Commonwealth or its agencies[.]" *Id.*, 71 P.S. § 732-204(c). Corresponding Executive Board regulations go on to specify the terms on which a Commonwealth lawyer will (or will not) handle the defense of specific Commonwealth employees. *See* 4 Pa. Code §§ 39.2, 39.3, 39.4, 39.13. This representation determination is not based on the particular capacity that the Plaintiff choses to name the employee in the lawsuit.

Even if Plaintiff disagrees, he has no standing to challenge this arragement: "No party to an action ... shall have standing to question the authority of the legal representation of the [defendant] agency" (or its employees). 71 P.S. § 732-103.

---

[2] As both defendants argue in their pending motions to dismiss, the Rooker-Feldman doctrine precludes subject matter jurisdiction over Plaintiff's claims, regardless of the capacity in which the defendants are sued. Accordingly, allowing Plaintiff to amend the complaint to make this alteration would be pointless, at least until after the Court weighs in on the Rooker-Feldman doctrine argument.

**III. CONCLUSION**

Based on the foregoing, the Court should overrule Plaintiff's objection to undersigned counsel's representation of Jaylene Bowers.

Respectfully submitted,

DAVID W. SUNDAY, JR.
Attorney General

By: s/ Kevin Bradford

Kevin R. Bradford
Senior Deputy Attorney General
Pa. Office of Attorney General   Attorney-in-Charge, Eastern Regional Office
1600 Arch St., Suite 300   Attorney I.D. No. 88576
Philadelphia, PA 19103
Phone: (267) 374-5450   Nicole R. DiTomo
Fax:   (717) 772-4526   Chief Deputy Attorney General
kbradford@attorneygeneral.gov   Civil Litigation Section

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DUSTIN OF THE FAMILY PATRICK, | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | |
| JAYLENE BOWERS, et al., | : | |
| Defendants | : | No. 25-1847 |

## CERTIFICATE OF SERVICE

I, Kevin R. Bradford, hereby certify that Defendant Bowers' Response to Plaintiff's Objection to Representation has been filed electronically on August 1, 2025 and is available for viewing and downloading from the Court's Electronic Case Filing System ("ECF"). The following parties are as receiving filings through ECF and are therefore automatically served by electronic means:

- **DUSTIN OF THE FAMILY PATRICK**
  DUSTINPATRICK8@GMAIL.COM
- **Jennifer M. Herrmann**
  legaldepartment@pacourts.us, jennifer.herrmann@pacourts.us

By: s/ Kevin Bradford

Office of Attorney General

Kevin R. Bradford
Senior Deputy Attorney General