<u>ORDINANCE NO. 03-2020</u>

AN ORDINANCE OF THE COUNTY OF BERKS, PENNSYLVANIA, AUTHORIZING BERKS COUNTY TO ENTER INTO AN INTERGOVERNMENTAL AGREEMENT ("AGREEMENT") BETWEEN THE BERKS COUNTY BOARD OF COMMISSIONERS ("COUNTY"), BERKS COUNTY DISTRICT ATTORNEY'S OFFICE ("DISTRICT ATTORNEY"), AND THE COURT OF COMMON PLEAS OF BERKS COUNTY, DOMESTIC RELATIONS SECTION ("DRS") TO PROVIDE LEGAL SERVICES SPECIFIED IN THE TITLE IV-D COOPERATIVE AGREEMENT AT § 3.13 AND ATTACHMENT B ON BEHALF OF DOMESTIC RELATIONS SECTION.

**WHEREAS**, the Pennsylvania Department of Human Services (DHS), and the County of Berks, have entered into an agreement entitled Cooperative Agreement Under Title IV-D of the Social Security Act (Title IV-D Cooperative Agreement); and

**WHEREAS**, the Title IV-D Cooperative Agreement requires the DRS to provide legal services to assist in the establishment and enforcement of support orders, and the DRS has determined that it will contract for the provision of certain legal services through an organizationally and administratively independent entity; and

**WHEREAS**, the District Attorney agrees to provide certain legal services specified in the Title IV-D Cooperative Agreement at § 3.13 and Attachment B; and

**NOW, THEREFORE, BE IT ENACTED AND ORDAINED** by the Board of Commissioners of the County of Berks, Pennsylvania as follows:

1. The Title and Background of this Ordinance set forth above are incorporated herein by reference.

2. The Board of Commissioners of the County of Berks ("Commissioners") hereby approve entering into and authorize execution of the Agreement, a copy of which is attached hereto and incorporated herein as Exhibit "A", with the intent and effect that the County shall be bound by the Agreement.

3. The Commissioners further authorize and direct on behalf of the County, the Berks County District Attorney to execute the Agreement; and to execute and deliver such additional instruments, and to take such further actions, as may be necessary or appropriate to carry forth the Agreement and the transactions to be effected under the Agreement, including acceptance of payment as may be due to administer the terms of the Agreement.

4. The Board of Commissioners, and any agent authorized by the Board of Commissioners are hereby directed to take any such other action as may be necessary or appropriate to carry out the purposes of this Ordinance and of the Agreement.

1

5. Nothing contained in this Ordinance shall be construed to affect any suit or proceeding in any court, or any rights acquired, or liability incurred, or any cause of action existing prior to the enactment of this Ordinance.

6. If any sentence, clause, section or part of this Ordinance is for any reason found to be unconstitutional, illegal or invalid, such unconstitutionality, illegality or invalidity shall not affect or impair any of the remaining provisions, sentences, clauses, sections or parts of this Ordinance. It is hereby declared as the intent of the Commissioners that this Ordinance would have been adopted had such unconstitutional, illegal or invalid sentence, clause, section or part thereof not been included herein.

7. Any ordinance, parts of ordinances, resolutions or parts of resolutions conflicting with the provisions of this Ordinance are hereby repealed insofar as they are inconsistent with this Ordinance's provisions.

8. This Ordinance shall become effective at the earliest date provided by law.

ENACTED AND ORDAINED as an Ordinance by the Board of Commissioners of the County of Berks, in lawful session duly assembled, this 24th day of September, 2020.

COUNTY OF BERKS

By: _____
Christian Y. Leinbach, Chairman

By: _____
Kevin S. Barnhardt, Commissioner

By: _____
Michael S. Rivera, Commissioner

Attest:

_____
Maryjo Gibson, Chief Clerk

2

# EXHIBIT A

Intergovernmental Legal Services Agreement – District Attorney

This Intergovernmental Legal Services Agreement, hereinafter "the Agreement", effective _____, is made this _____ day of _____, 2020, by and between the Board of County Commissioners of the County of Berks, Pennsylvania,

AND

the Berks County District Attorney's Office, hereinafter "the District Attorney", conducting business at: 633 Court Street, 5th Floor Services Center, Reading, PA 19601,

AND

the Court of Common Pleas of Berks County, Domestic Relations Section, hereinafter "the DRS".

WITNESSETH:

WHEREAS, the Pennsylvania Department of Human Services (DHS), and the County of Berks, have entered into an agreement entitled Cooperative Agreement Under Title IV-D of the Social Security Act (Title IV-D Cooperative Agreement); and

WHEREAS, the Title IV-D Cooperative Agreement requires the DRS to provide legal services to assist in the establishment and enforcement of support orders, and the DRS has determined that it will contract for the provision of certain legal services through an organizationally and administratively independent entity; and

WHEREAS, the District Attorney agrees to provide certain legal services specified in the Title IV-D Cooperative Agreement at § 3.13 and Attachment B.

NOW, THEREFORE, the parties hereto, intending to be legally bound, in consideration of the mutual promises and covenants contained herein, agree as follows:

I.  PURPOSE OF THIS AGREEMENT

The purpose of this Agreement is to maintain and improve the effectiveness of the Title IV-D Child Support Enforcement Program by ensuring that the functions set forth in sections 2.2(k), 3.13 and Attachment B of the Title IV-D Cooperative Agreement, and required by Title 45 of the Code of Federal Regulations (45 CFR), Part 75 and §303.20(f), are properly, efficiently and effectively carried out.

1

Intergovernmental Legal Services Agreement – District Attorney

II. DUTIES OF THE DISTRICT ATTORNEY

1. The District Attorney shall provide legal representation pursuant to the Title IV-D Cooperative Agreement in all appropriate IV-D cases, upon request of the DRS, whether or not the obligee receives public assistance and regardless of the financial need of the obligee. The role of the District Attorney is to represent the interests of the Title IV-D Program in securing support in appropriate IV-D cases.

2. The District Attorney shall provide legal services in the following cases, upon request of the DRS:

    a. Paternity Establishment

Routine representation for child support establishment, including modification, should be provided commencing with the paternity action being placed on a trial list and concluding with an adjudication of paternity in accordance with 23 Pa.C.S. §§ 4343, 5103, 5104; and 45 CFR §§ 303.5, 303.20(f), 304.20(a) and (b); and Pennsylvania Rules of Civil Procedure, Pa. R.C.P. 1910.1 et seq.

    b. Child Support Establishment

Routine representation need not be provided because of Pennsylvania's expedited process. However, attorneys should be made available whenever:

        i. DHS's interest is jeopardized (i.e., dismissal or loss of retroactivity).

        ii. The defendant is self-employed or employed in a family business and discovery is required to identify the defendant's assets, income, and/or health insurance coverage.

        iii. The defendant is represented by an attorney and it appears that counsel on behalf of the plaintiff or DHS is required.

    c. Enforcement

Routine representation shall be provided whenever all other routine enforcement attempts have failed, and in accordance with 45 CFR §§ 303.6 and 303.20(f). It is anticipated that the DRS shall schedule such cases for enforcement hearings and refer the case to the District Attorney. The District

Intergovernmental Legal Services Agreement – District Attorney

Attorney shall evaluate the case and determine what steps should be taken in addition to the routine enforcement efforts of the DRS. Additional steps may include, but shall not be limited to, imposing liens, seizing of bank accounts or other assets, impounding automobiles, and registering judgments in foreign jurisdictions. The District Attorney shall appear at enforcement or contempt hearings only as necessary, based upon the circumstances of the case, and shall have primary responsibility for aggressive enforcement of delinquent child support/IV-D cases.

    d.    <u>Intrastate Family Support Act (IFSA) and Uniform Interstate Family Support Act (UIFSA)</u>

The District Attorney shall provide representation at all court hearings or proceedings which occur pursuant to UIFSA and/or IFSA statutes unless the plaintiff is represented by private counsel.

    e.    <u>Exceptions</u>

On cases which have been accepted under the above criteria, the District Attorney shall be available to meet with dissatisfied obligees or the Title IV-D agency and file exceptions or demands for hearings *de novo* in cases deemed to have merit. Representation is required when an obligor files exceptions or demands for hearings *de novo*.

    f.    <u>Appeals</u>

On cases which have been accepted under the above criteria, the District Attorney shall be available to meet with dissatisfied obligees or the Title IV-D agency and file appeals to the appropriate appellate court in cases deemed to have merit or when an obligor exercises appellate rights.

    g.    <u>Motions Court</u>

The District Attorney shall be available to respond to motions brought by an obligor's attorney, when appropriate.

III.    <u>REIMBURSEMENT OF TITLE IV-D EXPENDITURES</u>

The county or salary board will set the rate of compensation. The District Attorney

Intergovernmental Legal Services Agreement – District Attorney

shall receive general guidance and direction from the DRS Director regarding Title IV-D-related services for costs to be considered eligible for Federal Financial Participation (FFP) in accordance with 45 CFR § 304.21. Expenditures under this Agreement shall be reasonable and necessary and supported by adequate documentation in accordance with 45 CFR § 75.430. The District Attorney's Office shall prepare and submit to the DRS a monthly Statement of Services for all employees' time expended pursuant to the provision of services provided under this Agreement for reimbursement.

IV. ADMINISTRATIVE DUTIES OF THE DISTRICT ATTORNEY

1. Reporting Noncooperation

The District Attorney shall report to the DRS any instances of noncooperation by active Temporary Assistance for Needy Families (TANF) or Title XIX medical assistance recipients when said noncooperation impedes the purpose and goals of this Agreement.

2. Confidentiality of Records

The District Attorney shall maintain the confidentiality of information concerning applicants for and recipients of child and spousal support enforcement services and ensure that such information is used only as provided by law under 45 CFR §§ 303.21, 307.13, and Title 55 of the Pennsylvania Code (55 Pa. Code), Chapter 105. The District Attorney understands that federal and state laws prohibit disclosure of confidential information as specified in Title 5 of the United States Code (5 U.S.C.) § 552a; 18 U.S.C. § 641; 26 U.S.C. §§ 6103, 7213, 7213A and 7431; and 23 Pa.C.S. §§ 4304.1(d) and 4376(d).

3. Record Retention Requirements

The District Attorney shall retain all records required under this Agreement for at least four years from the date they are closed in accordance with Section 3.7 of the Title IV-D Cooperative Agreement. If any audit, claim, negotiation, or other action involving the records has been started before the expiration of the four-year period, the records shall be retained until completion of the action and resolution of all issues which arise from it, or until the end of the regular four-year period, whichever is later. The District Attorney shall comply with the requirements of 45

Intergovernmental Legal Services Agreement – District Attorney

CFR § 75.361 (relating to retention requirements for records).

4. Access to Records

The District Attorney shall provide access to DHS, the Pennsylvania Auditor General, authorized representatives of the federal Department of Health and Human Services (DHHS), including the DHHS Inspector General, and the Comptroller General of the United States, as required by 45 CFR § 75.364 (relating to access to records), with respect to all case files, books, documents, papers, or other records. Upon request, the District Attorney shall forward copies of the records to PA DHS, Bureau of Child Support Enforcement (BCSE).

5. Adequate and Auditable Records Required

The District Attorney shall maintain adequate and auditable records to support all billable services. The billable service records shall follow the provisions of 45 CFR, Part 75, Subpart E – Cost Principles. Ongoing auditable time records for the provision of legal services must include, but are not limited to, Pennsylvania Child Support Enforcement System (PACSES) case numbers, dates of service and type of service provided.

6. Adequate Staffing Required

The District Attorney shall provide adequate numbers of attorneys, investigators, and support staff to provide services in all cases referred to the District Attorney under this Agreement in accordance with 45 CFR § 303.20 (relating to minimum organizational and staffing requirement).

7. Equal Employment Opportunity

The District Attorney shall comply with 41 CFR § 60-1.4(a) and Paragraph 20 of Attachment E of the Title IV-D Cooperative Agreement.

8. Suspension and Debarment

The District Attorney shall be subject to 2 C.F.R. Parts 180 and 376, 45 CFR § 75.213 and Executive Orders 12549 and 12689 regarding suspension and debarment of non-federal entities and contractors. Additionally, in compliance with paragraph 21(2)(e) of Attachment E of the Title IV-D Cooperative Agreement, DRSs are required to immediately notify DHS, Bureau of Child Support Enforcement (BCSE), if the District Attorney is suspended or debarred by the state,

Intergovernmental Legal Services Agreement – District Attorney

federal government, or any other state or governmental entity.

V.  AFFIRMATION OF FEDERAL SUPREMACY

The parties affirm that they shall comply with the requirements of Title IV-D of the Social Security Act, implementing federal regulations and all other applicable federal law, regulations, and requirements.

1. Term of Agreement

Subject to the availability of federal funds, the effective dates of this Agreement shall be October 1, 2020 through September 30, 2025.

2. Amendments

Notwithstanding any other provisions of this Agreement, it is agreed that this Agreement is deemed to conform to all present state and federal laws and regulations and any future changes in these laws and regulations. This Agreement constitutes the entire agreement between the parties. All other modifications, alterations, or waivers of the provisions of this Agreement shall be valid only when they have been reduced to writing and duly executed by both parties.

3. Termination

This Agreement may be terminated by either party on 180 days' written notice to the other. In case of malfeasance, misfeasance, nonfeasance, or non-performance of any of the duties specified herein on the part of the District Attorney, this termination clause shall not apply, and the DRS shall be free to terminate this Agreement immediately and without any prior notice.

4. Approval

Pursuant to §§ 3.13 and 5.3(c) of the Title IV-D Cooperative Agreement, it is understood by the parties that before this Agreement and any amendments thereto may become effective, it must be reviewed and approved by DHS, and as necessary, the federal Office of Child Support Enforcement, as to its terms and content. This review also ensures compliance with 45 CFR Part 75 and Chapter III.

Intergovernmental Legal Services Agreement – District Attorney

IN WITNESS WHEREFORE, the parties hereto have executed this Agreement on this _____ day of _____, 2020.

By:

_Thomas G. Parisi_, President Judge, Berks County Court of Common Pleas

_____, Chair, Berks County Commissioners

_____, Vice Chair, Berks County Commissioners

_____, Berks County Commissioner

_____, Berks County District Attorney

_____, Berks County Domestic Relations Section Director

7