UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DUSTIN OF THE FAMILY PATRICK,<br>　　　　Plaintiff, | : | |
| | : | |
| 　　　　v. | : | No. 5:25-cv-1847 |
| | : | |
| JAYLENE BOWERS and<br>TRACY BROWN,<br>　　　　Defendants. | :<br>:<br>: | |

# **O R D E R**

**AND NOW**, this 10th day of February, 2026, upon consideration of Plaintiff's Amended Complaint, filed June 3, 2025, *see* ECF No. 15; Defendant Jaylene Bowers's Motion to Dismiss Plaintiff's Amended Complaint, filed July 16, 2025, *see* ECF No. 26; Defendant Tracy Brown's Motion to Dismiss the Amended Complaint, filed July 17, 2025, *see* ECF No. 27; Plaintiff's Motion to Strike Appearance and Filings of the Attorney General, filed July 21, 2025, *see* ECF No. 31; Plaintiff's Motion for Leave to Amend Complaint to Clarify Individual Capacity Claims, filed August 1, 2025, *see* ECF No. 33; and Plaintiff's Motion to Compel Production of Title IV-D Contractual Agreement and Evidence of Voluntary Consent, filed September 1, 2025, *see* ECF No. 35;  **IT IS HEREBY ORDERED THAT**:

　　　　1.　　Plaintiff's Motion for Leave to Amend Complaint to Clarify Individual Capacity Claims, *see* ECF No. 33, is **GRANTED**[1] **as follows:**

---

[1]　　The Court grants Plaintiff's Motion for Leave to Amend Complaint to Clarify Individual Capacity Claims, ECF No. 33, but notes that Plaintiff's attached proposed second amended complaint, ECF No. 33-1, is not a complete document in and of itself, and purports to incorporate his original and first amended complaints therein. Because Plaintiff's proposed second amended complaint relies on his prior pleadings, which have since been rendered moot, it is insufficient and cannot form the basis for an operative pleading in this matter. Plaintiff is granted time to file a second amended complaint which states with specificity his factual allegations and claims, and clarifies the capacities in which Defendants are sued and to what extent they were personally involved in the misconduct alleged. *See Grayson v. Mayview State*

      a. No later than **March 13, 2026**, Plaintiff may file a second amended complaint. Plaintiff is advised that any amended complaint must be a complete document in itself and may not rely on any other pleading. If Plaintiff fails to timely file an amended complaint, his claims may be dismissed with prejudice.

2. Defendants' Motions to Dismiss the Amended Complaint, ECF Nos. 26, 27, are **DISMISSED as moot.**

3. Plaintiff's Motion to Strike Appearance and Filings of the Attorney General, *see* ECF No. 31, is **DENIED.**

4. Plaintiff's Motion to Compel Production of Title IV-D Contractual Agreement and Evidence of Voluntary Consent, *see* ECF No. 35, is **DISMISSED**.[2]

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

*Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002) (holding that in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment, a court should grant a plaintiff leave to amend). In amending his complaint, Plaintiff is advised that any amended pleading may not contain conclusory allegations; rather, it must establish the existence of specific actions by each defendant which have resulted in constitutional deprivations. Plaintiff is also advised to heed the arguments made in Defendants' Motions to Dismiss the Amended Complaint, and to include any additional allegations to address all alleged deficiencies set forth in the Motions, particularly with respect to jurisdiction; Plaintiff must allege sufficient facts to demonstrate that this Court has jurisdiction over the instant matter. *See Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993) (holding that the party "asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of the litigation") (abrogated on other grounds by *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546 (2005)); *see also Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) (holding that a court "can dismiss a suit sua sponte for lack of subject matter jurisdiction at any stage in the proceeding").

[2]     This motion, ECF No. 35, concerns discovery and is premature at this stage of litigation.