UNITED STATES DISTRICT COURT EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DUSTIN OF THE FAMILY PATRICK,<br><br>    Plaintiff,<br><br>vs.<br><br>JAYLENE BOWERS and TRACY<br><br>BROWN,<br><br>    Defendants, | No. 5:35-cv-1847<br><br><br><br>**Amended Complaint In Response To Order Dated 10th Of February, 2026.** |

**Amended Complaint In Response To Order Dated 10th Of February, 2026.**

## Amended Complaint

1. The plaintiff wishes to remove Defendant #1, Jaylene Bowers, Title IV-D Director, from the complaint.
2. It's the plaintiff's understanding that the deprivation of inherent and indefeasible rights is an injury or injuries that

invokes the jurisdiction of this court for a cause of action[1] and a remedy.[2]

3.  Tracy Brown is the Director of the Domestic Relations section of the Court of Common Pleas in Berks County,[3] a statutory tribunal.  As the director, defendant Brown is acting in the capacity of a public officer[4] implementing public policy for the State of Pennsylvania.[5]

4.  The plaintiff states that, while acting in these capacities, the defendant and the employees under her direction did cause the plaintiff to be deprived of self-executing, inherent, and indefeasible rights[6] by using implied threats[7] in causing the plaintiff's involuntary association and participation in the Federal-State Title IV-D Child Support Enforcement Program.

_____

[1]"An action is a legal demand of one's rights in a court of justice, or a legal proceeding in a court of justice to enforce a right or to redress a wrong." **(1A C.J.S. Actions § 1 Definition of action. Westlaw © 2026 Thomson Reuters. No claim to original U.S. Government Works.)**

[2]"The term "remedy," when used in a legal sense, signifies and is limited to the judicial means or method by which a cause of action may be enforced. Thus, it is the means by which a cause of action is satisfied or an obligation is effectuated; the result of a legal action, or the object for which the action is prosecuted; or the judicial means for enforcing a right or redressing a wrong, or by which relief is obtained." **(1A C.J.S. Actions § 26 Meaning of term. Westlaw © 2026 Thomson Reuters. No claim to original U.S. Government Works.)**

[3]The Domestic Relations Section of the Court of Common Pleas in Berks County is a statutory tribunal under 23 Pa.C.S.A.§ 7103. State tribunal and support enforcement agency.

[4]"Public policy requires that there be certainty as to who are and who are not public officers and public employees. One of the many definitions of "public officer" states that a public officer is an individual who holds a position for which duties are prescribed by law to serve a public purpose." **(67 C.J.S. Officers § 2 Public officer, defined. Westlaw © 2026 Thomson Reuters. No claim to original U.S. Government Works.)**

[5]Defendant Brown, as director of the domestic relations section, oversaw the implementation of Title 42, The Public Health and Welfare, Chapter 7, Subchapter IV, Part D.

[6]"A constitutional provision that "[a]ll men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursuing their own happiness" is self-executing." **Harley v. Schuylkill County, 476 F. Supp. 191 (E.D. Pa. 1979).**

[7]Implied threats that an arrest or warrant may result unless the plaintiff appears and participates in the Title IV-D child support enforcement program. The implied threats are proof that the plaintiff was coerced by fear into appearing.

AMENDED COMPLAINT IN RESPONSE TO ORDER DATED 10TH OF FEBRUARY, 2026. - 2

5. The defendant and the employees under her direction, by using implied threats and trickery, subjected the plaintiff to injury and caused him injury when they violated the contract clause in Article 1, Section 10 of the U.S. Constitution, which prohibits states from passing any law that would impair the obligation of contracts, thereby interfering with his right to contract or not to contract.

   - It was never the plaintiff's expressed intention to enter into an agency relationship with the Commonwealth of Pennsylvania or the Domestic Relations section of the Court of Common Pleas in Berks County.

6. **Failure to provide impartial due process**: It's the plaintiff's understanding that the State of Pennsylvania is receiving incentive payments under 42 U.S.C.A. § 658a. This is prima facie evidence of a financial interest and the appearance of bias and prejudice.

7. It's the plaintiff's understanding that defendant Brown, as director of the domestic relations section, is an agent of the State of Pennsylvania in implementing the Federal-State Child Support Enforcement Program under Title IV-D and 42 U.S.C.A. § 658a, and that the State of Pennsylvania must meet performance standards to receive financial incentives and to ensure the timely establishment of child support orders, paternity determinations, enforcement, and the collection of current and past-due support.

- While acting in the capacity of director and public officer, defendant Brown, and the domestic relations department under her supervision, are agents of the State of Pennsylvania and are bound by the mandatory provisions of the Federal and State Constitutions.[8]

- Furthermore, the defendant is representing its financial interests; therefore, while acting in the capacity of a public officer, the defendant appears biased and prejudiced.

- The plaintiff states that the appearance of bias and prejudice by defendant Brown and the employees in the domestic relations department under her direction could not constitute the ministerial duty of impartiality required by due process, a mandatory provision of the Pennsylvania and Federal Constitutions, thereby depriving the plaintiff of this right to impartial due process.

8. The Plaintiff states from personal knowledge that he did not knowingly and intentionally consent to waive his constitutional

---

[8]"The provisions of a state constitution—as the organic and fundamental law of the land—stand upon a higher plane than statutes and will ordinarily be deemed mandatory in prescribing the exact and exclusive methods of performing the acts permitted or required. Under this principle, restrictions and prohibitions in constitutional provisions are mandatory and must be obeyed. Constitutional provisions are to be construed as mandatory unless a different intention is manifested either by express provision or by necessary implication. Usually, therefore, constitutional provisions are mandatory rather than directory, and there are expressions to the effect that all constitutional provisions are mandatory."**(16 C.J.S. Constitutional Law § 138 Mandatory and directory provisions, generally. Westlaw © 2026 Thomson Reuters. No claim to original U.S. Government Works.)**
AMENDED COMPLAINT IN RESPONSE TO ORDER DATED 10TH OF FEBRUARY, 2026. - 4

rights[9] or to participate in the Federal-State Title IV-D Child Support Enforcement Program.

9. The Plaintiff states that, without evidence of a waiver of constitutional rights, the Plaintiff's constitutional rights were intact when employees of the statutory tribunal, under the direction of defendant Brown, wrongly imposed the Title IV-D program on the Plaintiff, thereby causing the loss of those rights and giving rise to the invocation of the court's jurisdiction for a cause of action[10] and a remedy.[11]

### Affidavit in support of complaint

1. This affidavit section is based upon the personal knowledge of the plaintiff and the affiant.

2. On one or more occasions prior to the plaintiff's appearance in the Domestic Relations Section regarding child support, employees of the Domestic Relations Section, acting under the supervision and authority of Defendant Brown, informed the

---

[9]"Courts do not presume acquiescence in the loss of fundamental constitutional rights. Rather, high standards of proof are required to establish a waiver of constitutional rights. A waiver of a constitutional right must be clear and must appear on the record. When freedom of speech is at issue, a court will find a waiver only in circumstances that are clear and compelling." **(16 C.J.S. Constitutional Law § 196 Proof of waiver of constitutional right. Westlaw © 2026 Thomson Reuters. No claim to original U.S. Government Works.)**

[10]"An action is a legal demand of one's rights in a court of justice, or a legal proceeding in a court of justice to enforce a right or to redress a wrong." **(1A C.J.S. Actions § 1 Definition of action. Westlaw © 2026 Thomson Reuters. No claim to original U.S. Government Works.)**

[11]"The term "remedy," when used in a legal sense, signifies and is limited to the judicial means or method by which a cause of action may be enforced. Thus, it is the means by which a cause of action is satisfied or an obligation is effectuated; the result of a legal action, or the object for which the action is prosecuted; or the judicial means for enforcing a right or redressing a wrong, or by which relief is obtained." **(1A C.J.S. Actions § 26 Meaning of term. Westlaw © 2026 Thomson Reuters. No claim to original U.S. Government Works.)**

AMENDED COMPLAINT IN RESPONSE TO ORDER DATED 10TH OF FEBRUARY, 2026. - 5

plaintiff in writing that if he failed to appear, a warrant for his arrest could be issued.

3. These statements were made in written notices sent to the plaintiff by the Domestic Relations Section, and the plaintiff understood them to mean that he would be arrested if he failed to comply with the notice to appear.

4. As a result of these implied threats of arrest or the issuance of a warrant, the plaintiff appeared and participated in proceedings related to the Title IV-D Child Support Enforcement Program, not of his own free will but out of fear of arrest.

**Plaintiff notified the Defendant, Tracy Brown, personally of a civil rights violation and of plaintiff's desire to terminate involuntary association and withdraw implied consent to participate in the IV-D Program.**

1. On June 23rd, 2025, Defendant Brown received, via USPS registered mail # 9589071052702405542182, a violation warning for Denial of Rights under Color of Law under 18 USC § 242, 245, and 42 USC § 1983, and a "Notice to Terminate My Involuntary Association with the Title IV-D Agency and My Involuntary Association Participation in the Title IV-D Program."

2. This notification also included a withdrawal of consent to participate in the IV-D Program.

   • This notice has gone unanswered or unheeded.

## Plaintiff's participation in the Federal-State Title IV-D Child Support Enforcement Program was involuntary.

1. The plaintiff, without his express consent, was enrolled in and treated as a participant in the Federal–State Title IV-D Child Support Enforcement Program, administered by the Domestic Relations Section of the Court of Common Pleas of Berks County on behalf of the principal, the Commonwealth of Pennsylvania.

2. At no time did the plaintiff sign any document[12] that expressly stated he was waiving his constitutional rights in consideration of entering into an agency relationship with the Domestic Relations Section of Berks County and participating in the Title IV-D Child Support Enforcement Program.

3. The plaintiff was never informed, orally or in writing, that by appearing in or participating in the Domestic Relations Section's child support proceedings, he was entering into an agency relationship[13] in consideration for waiving constitutional rights.[14]

4. The plaintiff's implied participation in the Federal–State Title IV-D Child Support Enforcement Program was caused by the

---

[12]Title IV-D Contractual Agreement.

[13]"An "agency" relationship is an intentional, voluntary, fiduciary relationship, contractual and legal in nature, established by the principal's manifestation of intent to grant authority to the agent and the agreement by the agent. The relationship may be actual, apparent, express or implied. It is shown by the principal's acknowledgment that the agent will act for the principal, the agent's acceptance of the undertaking, and the principal's control over the actions of the agent. The essential elements are authorization, consent, and the right to control." **(3 Am. Jur. 2d Agency § 2 Nature of agency relationship. Westlaw © 2026 Thomson Reuters. No claim to original U.S. Government Works.)**

[14]Includes constitutional rights to contract or not to contract, or the right to impartial due process.

implied threats of arrest or the issuance of a warrant described above.

## Financial Incentives and the appearance of bias by the Tribunal.[15]

1. Upon information and belief, the Commonwealth of Pennsylvania participates in the Federal–State Child Support Enforcement Program under Title IV-D and receives federal incentive payments under 42 U.S.C. § 658a, which are calculated, in part, based on the State's performance in establishing, enforcing, and collecting child support orders.

2. As Director of the Domestic Relations Section, Defendant Brown and the employees under her supervision are responsible for actions that affect whether the performance standards for these incentive payments are met, including the timely establishment of child support orders, enforcement actions, and the collection of current and past-due support.

3. It's the plaintiff's understanding that As Director of the Domestic Relations Section, Defendant Brown and the employees under her supervision are bound by the Fourteenth

---

[15]The Domestic Relations Section of the Court of Common Pleas in Berks County is a statutory tribunal under 23 Pa.C.S.A.§ 7103. State tribunal and support enforcement agency.
AMENDED COMPLAINT IN RESPONSE TO ORDER DATED 10TH OF FEBRUARY, 2026. - 8

Amendment. The inhibition includes all functionaries of the state government, judicial, as well as political. Indeed, the Fourteenth Amendment is a restraint on the legislative, executive, and judicial departments of the state.[16]

4. Because the State's receipt of incentive payments depends on the performance of the Domestic Relations Section, Defendant Brown and the employees under her supervision may appear to have an institutional financial interest in maximizing the establishment and enforcement of child support orders, including in the plaintiff's case.

5. It's the plaintiff's understanding that the appearance of bias and prejudice may be essential elements that impeach the tribunal under the defendant's purview[17]

### The Affiant alleges a lack of impartial due process.

1. In the plaintiff's case, the Domestic Relations Section, under the supervision of Defendant Brown, pursued enforcement and participation in the Title IV-D Child Support Enforcement Program without first obtaining a clear, voluntary waiver of the

---

[16]"A state may not by any of its agencies, departments, or officials, whether legislative, judicial, or executive, disregard the constitutional prohibitions. Every state official, high or low, is bound by the Fourteenth Amendment. The inhibition includes all functionaries of state government, judicial as well as political. Indeed, the Fourteenth Amendment is a restraint on the legislative, executive, and judicial departments of the state. **(16B Am. Jur. 2d Constitutional Law § 966. State and municipal agencies, departments, or officials as bound by substantive due process. Westlaw © 2025 Thomson Reuters. No claim to original U.S. Government Works.)**

[17]"Due process requires that the tribunal be a fair and impartial one." **(16B Am. Jur. 2d Constitutional Law § 1011. Requirements of fair and impartial tribunal, generally; disqualification and recusal. Westlaw © 2025 Thomson Reuters. No claim to original U.S. Government Works.)**

AMENDED COMPLAINT IN RESPONSE TO ORDER DATED 10TH OF FEBRUARY, 2026. - 9

plaintiff's constitutional rights and while having an institutional financial interest in establishing and enforcing child support orders.

2. The plaintiff reasonably believed that the Domestic Relations Section and Defendant Brown were not acting as neutral and impartial decision-makers, but as agents of the State's financial interest in obtaining federal incentive payments under the Title IV-D program, and that their actions in his case were influenced by that interest.

3. As a witness to the proceedings in question, the plaintiff did not view any record of evidence to establish standing or to show that the plaintiff was a proper party.

## Allegations of injury that were received from the defendant.

1. As a result of being compelled to participate in the Title IV-D Child Support Enforcement Program, the plaintiff suffered loss of private property and financial injury, including but not limited to wage garnishment of $330.46 per month and the revocation of the passport privilege to travel freely outside the United States of America. The plaintiff had to pay $8,000.00 to have the passport restored.

2. The plaintiff also suffered non-economic injury, including emotional distress, anxiety, and fear, resulting from implied

threats of arrest or the issuance of a warrant and from being subjected to a process he believed was biased and not neutral.

3. The plaintiff further alleges that he was deprived of his freedom to contract or not to contract and of impartial due process when the Domestic Relations Section, acting under the supervision of Defendant Brown, imposed the Title IV-D program on him without a knowing and voluntary waiver of those rights.

/s/ Dustin Patrick

AMENDED COMPLAINT IN RESPONSE TO ORDER DATED 10TH OF FEBRUARY, 2026. - 11