IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Dustin of the Family Patrick | : | |
| | : | Civil Action |
| *Plaintiff* | : | |
| | : | No. 5:25-cv-1847 |
| v. | : | |
| | : | |
| Jayleen Bowers through the IV-D Agency, et al. | : | |
| | : | |
| *Defendants* | : | |
| | : | |

**Defendant Tracy Brown's**
**Motion to Dismiss the Second Amended Complaint**

Defendant Director Tracy Brown moves to dismiss the Second Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6) on the following grounds:

1. Plaintiff brings this 42 U.S.C. § 1983 action against Tracy Brown, Director of the Berks County Domestic Relations Section ("DRS"), arising from his child support case and enforcement in Berks County. (Second Amended Complaint at 2-5.)

2. While the Second Amended Complaint consists mostly of legal arguments and the factual allegations are sparse, in sum it is a claim that Plaintiff did not contract with DRS, is involuntarily participating in the Title IV-D program, and that he was never informed he was "entering into an agency relationship." (Second Amended Complaint at 3-7.)

3. The allegations against Director Brown are that she is responsible for "implementing public policy" for Pennsylvania and is responsible for DRS employees. (Second Amended Complaint at 3-5.)

1

4. The only specific factual allegation involving Director Brown is that she received a letter from Plaintiff purporting to termination his "involuntary association with the Title IV-D Agency[.]" (Second Amended Complaint at 7.)

5. Plaintiff appears to again name Director Brown in her official capacity only as the director of the DRS. (Second Amended Complaint at 2, 8.)

6. As set forth in Director Brown's brief, Eleventh Amendment immunity precludes the claims against Director Brown in her official capacity, quasi-judicial immunity bars an individual capacity claim, the *Rooker-Feldman* doctrine precludes Plaintiff's claims because he is asking the Court to invalidate state court child support orders, and the Second Amended Complaint fails to state a cause of action and fails to comply with Federal Rule of Civil Procedure 8.

**WHEREFORE**, Director Brown respectfully requests that this Honorable Court dismiss her from this case with prejudice.

Respectfully submitted,

s/Michael Daley
MICHAEL DALEY, ESQUIRE
Attorney I.D. PA 77212
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, PA 19102
legaldepartment@pacourts.us
(215) 560-6326, Fax: (215) 560-5486

***Attorney for Defendant Tracy Brown***

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Dustin of the Family Patrick | : | |
| | : | Civil Action |
| Plaintiff | : | |
| | : | No. 5:25-cv-1847 |
| v. | : | |
| | : | |
| Jayleen Bowers through the IV-D Agency, et al. | : | |
| | : | |
| | : | |
| Defendants | : | |
| | : | |

**Brief in Support of Defendant Tracy Brown's**
**Motion to Dismiss the Second Amended Complaint**

I.   **Statement of Facts**

This Section 1983 due process case arises out of Plaintiff Dustin of the Family Patrick's child support case in Berks County. Plaintiff believes that his support obligations that have led to wage garnishment and a passport revocation violated his due process rights because he did not consent to enter an agency relationship with the Domestic Relations Section of Berks County. In sum, Plaintiff claims that his due process rights were violated because he was required to associate with a Title IV-D agency or program against his will.

Although the Court directed Plaintiff in its February 10, 2026, Order to provide specific factual allegations and the basis for the Court's jurisdiction, Plaintiff has not. Instead, the Second Amended Complaint merely asserts conclusory allegations that Plaintiff did not consent to enter an agency relationship

1

with DRS. Further, the Second Amended Complaint does not clarify the capacity that Defendant Tracy Brown, Director of the Berks County Domestic Relations Section ("DRS"), is sued in, despite the Court's directive in the February 10th Order.

The allegations against Director Brown are that she is responsible for "implementing public policy" for Pennsylvania and is responsible for DRS employees. (Second Amended Complaint at 3-5.) The only specific factual allegation involving her is that she received a letter from Plaintiff purporting to termination his "involuntary association with the Title IV-D Agency[.]" (Second Amended Complaint at 7.)

Notably, Plaintiff does not allege any due process violations related to his state court support cases that led to support orders or that he is unable to challenge the orders or enforcement within the support case.

The Second Amended Complaint claims that Plaintiff's due process rights were violated because Pennsylvania received incentive payments, thereby creating an appearance of bias and prejudice, DRS and its employees were not "neutral and impartial decision-makers," and the Title IV-D program was imposed upon him. (Second Amended Complaint at 3-4, 9-11.) The Second Amended Complaint seeks unspecified monetary damages related to wage garnishment and non-economic injuries. (Second Amended Complaint at 10-11.)

**II.    Statement of the Questions Involved**

1. Does Eleventh Amendment immunity preclude official capacity claims against Director Brown because they are against DRS, which is a state entity?

    Answer: Yes

2. Does quasi-judicial immunity bar any individual capacity claims against Director Brown because she and DRS were acting pursuant to court orders?

    Answer: Yes.

3. Does the *Rooker-Feldman* doctrine prevent this Court from exercising jurisdiction over Plaintiff's claims because he is asking the federal court to effectively invalidate stat court orders requiring support?

    Answer: Yes

4. Does the Second Amended Complaint fail to state a due process claim and fail to include sufficient facts?

    Answer: Yes.

**III.    Summary of Argument**

Plaintiff's lawsuit must be dismissed because the Eleventh Amendment bars Plaintiff's claim against Director Brown in her official capacity, and quasi-judicial immunity precludes any individual capacity claims. Next, Plaintiff is asking this Court to interfere with court-ordered support obligations, which the *Rooker-Feldman* doctrine does not allow. Finally, the Second Amended Complaint fails to state a due process claim.

**IV.    Argument**

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. A Rule 12(b)(6) motion to dismiss tests the sufficiency of the allegations contained in the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). While the "plausibility standard" is not a "probability requirement," it does require more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Twombly*, 550 U.S. at 556). "[L]abels and conclusions" are not enough, and a court "is not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

A Rule 12(b)(1) motion is the proper vehicle for asserting Eleventh Amendment immunity because it "is a jurisdictional bar which deprives federal courts of subject matter jurisdiction." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 694 n.2 (3d Cir. 1996). A Rule 12(b)(1) motion challenging a court's subject matter jurisdiction may be treated as either a facial or factual attack. *Gould Electronics Inc. v. U.S.*, 220 F.3d 169, 176 (3d Cir. 2000). When a court reviews a facial attack, it considers (in a light most favorable to the plaintiff) only the complaint's allegations and documents that the complaint references or attaches and may consider evidence outside the pleadings. *Id.*

4

### A. The Second Amended Complaint must be dismissed because Eleventh Amendment immunity precludes Plaintiff's official capacity claims against Director Brown.

A suit against Director Brown in her official capacity is against DRS, which is a Pennsylvania entity. Thus, the Eleventh Amendment bars Plaintiff's official capacity claims.

A suit against a state official in his official capacity is deemed to be against the state. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). When a state official is sued in an official capacity, the real party in interest is the government entity of which the official is an agent. *Hafer v. Melo*, 502 U.S. 21, 26 (1991).

Domestic relations sections are entities of Pennsylvania's state courts and are entitled to immunity from suit under the Eleventh Amendment. *Bryant v. Cherna*, 520 Fed. Appx. 55, 57 (3d Cir. 2013) (domestic relations department is a state entity). This includes claims against a DRS director in her official capacity. *Id.* at 58. *See also Siluk v. Merwin*, 783 F.3d 421, 423, n.5 (3d Cir. 2015) (domestic relations director entitled to Eleventh Amendment immunity)[1]; *Sheils v. Bucks Co. Domestic Rels. Section*, 921 F. Supp. 2d 396, 406 (E.D. Pa. 2013) (director of Bucks County DRS enjoyed Eleventh Amendment immunity from suit for retrospective injunctive and declaratory relief and damages under Section 1983).

Three exceptions to Eleventh Amendment immunity exist, but none apply here: "(1) congressional abrogation, (2) waiver by the state, and (3) suits against

---

[1] Abrogated on other grounds by *Bruce v. Samuels*, 577 U.S. 82 (2016).

5

individual state officers for prospective injunctive and declaratory relief to end an ongoing violation of federal law." *Pennsylvania Fed'n of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 323 (3d Cir. 2002).

First, Pennsylvania has not waived this immunity from suit. 42 Pa.C.S. § 8521. Next, Section 1983 does not abrogate this immunity. *Conklin v. Anthou*, 495 Fed. Appx. 257, 263 (3d Cir. 2012). Finally, the third exception (known as the *Ex Parte Young* exception) does not rescue Plaintiff's claims from dismissal: he has not sought prospective relief to end an ongoing violation of federal law. *See Alonzo Jr. of the Fam. Sanford v. Hurst*, No. 5:24-CV-01406-CLS, 2025 WL 1448219, at *6 (N.D. Ala. May 20, 2025) (citing 42 U.S.C. § 652(b)) (the IV-D statute permits its agencies to pursue collection only after a state court has entered a judgment); *Goodson v. Maggi*, 797 F. Supp. 2d 604, 624 n.9 (W.D. Pa. 2011) (rejecting a plaintiff's attempt to "bootstrap the effect of the state judges' previous rulings into an ongoing federal violation").

Because none of the exceptions to Eleventh Amendment apply, the Second Amended Complaint must be dismissed.

> **B.     Quasi-judicial immunity bars individual capacity claims against Director Brown, who was acting pursuant to court-ordered support obligations.**

If Plaintiff brings an individual capacity claim against Director Brown, quasi-judicial immunity bars it. This immunity prevents a plaintiff from using a court

order for support to bring a civil rights action. *See Addlespurger v. Corbett,* 461 Fed. Appx. 82, 85 (3d Cir. 2012).

At most, DRS – allegedly under Director Brown's supervision – was enforcing court-ordered support. And DRS employees are entitled to quasi-judicial immunity in carrying out a court's orders and functions related to those orders. *See Bass v. Delaware Co. Domestic Relations*, No. 24-3419, 2024 WL 4609587, at *4 (E.D. Pa. Oct. 29, 2024) (collecting cases); *Dormevil v. Domestic Relations Office Delaware Co. Pennsylvania Child Support Agency,* No. 23-23025, 2023 WL 6144845, at *6 (E.D. Pa. Sep. 20, 2023); *Harris v. Adams Co. Domestic Relations*, No. 14-cv-2074, 2015 WL 1512417, at *6 (M.D. Pa. April 1, 2015); *see also Bryant,* 520 Fed. Appx. at 58.

Thus, any individual capacity claims are meritless.

**C.    The Second Amended Complaint must be dismissed because this Court lacks subject matter jurisdiction over Plaintiff's claim, which seeks appellate review of a state court judgment.**

Principles of federalism and comity prevent federal courts from interfering with or reviewing state court orders and judgments. Plaintiff's claims arise from a state court child support order and awarding damages based on those orders and otherwise releasing him from his obligations would interfere with those orders.

Under the long-established *Rooker-Feldman* doctrine, federal courts lack jurisdiction to review state court judgments where the relief sought is in the nature of appellate review. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). Federal district courts

7

are not open to appeals from disappointed state court litigants. *Malhan v. Sec'y United States Dep't of State*, 938 F.3d 453, 458 (3d Cir. 2019).

Here, because this Court would have to hold that the court-ordered support and related rulings were erroneous to grant relief, the *Rooker-Feldman* doctrine bars Plaintiff's claims: the doctrine prevents a federal court from exercising jurisdiction over a case to determine that a state court erred. *See Laychock v. Wells Fargo Home Mortgage*, 399 Fed. Appx. 716, 718 (3d Cir. 2010).

The *Rooker-Feldman* doctrine applies where: 1) the plaintiff lost in state court; 2) the state court judgment caused the claimed injuries; 3) the judgment was rendered before the plaintiff filed the federal suit; and 4) the plaintiff is inviting the federal court to review and reject the state judgment. *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010), *cert. denied*, 563 U.S. 904 (2011). The second and fourth requirements carry the most weight. *Id.*

The doctrine applies even if a plaintiff alleges deprivations of due process rights. *Feldman*, 460 U.S. at 485. The second and fourth requirements carry the most weight. *Great W. Mining & Min. Co.*, 615 F.3d at 166.

The *Rooker-Feldman* doctrine applies to state court judgments ordering child support payments. *Gittens v. Kelly*, 790 Fed. Appx. 439, 441 (3d Cir. 2019). As in *Gittens*, *Rooker-Feldman's* requirements are met here. Plaintiff is complaining about state court orders that required him to pay child support, the judgment predated his

8

federal complaint, and he is effectively asking this Court to invalidate those orders. While Plaintiff has couched the injury as "involuntary participation in the IV-D program," there is no participation in the IV-D program without the need to collect support pursuant to a court order.

In a case nearly identical to the case at bar, a court observed: "District courts across the country . . . have relied upon the *Rooker-Feldman* doctrine to dismiss constitutional claims similar to those plaintiff raises here as impermissible challenges to a state court judgment." *Alonzo Jr.*, 2025 WL 1448219, at *5 (collecting cases and observing that *Rooker-Feldman* bars a challenge the validity of a state court child support judgment)[2]; *see also Moffett v. Risch*, No. 23-1602 , 2023 WL 4348743, at *3 n.2 (D.N.J. July 5, 2023) (the plaintiff's efforts to "wipe clean the 'IV-D security interest[s]'" and receive a refund of garnished wages was an attempt to reverse the underlying family court judgment and was barred by *Rooker-Feldman*).

In seeking to terminate his association with the IV-D agency and receive a refund, Plaintiff makes clear that he is trying to overturn and eradicate the child support orders entered in his case. *See Bianchi v. Coffin*, No. 23-2316, 2023 WL 12078258, at *2-*3 (M.D. Fl. Dec. 21, 2023) (rejecting the plaintiff's assertion

---

[2] Like here, the plaintiff filed suit pursuant to Section 1983 against the director of the IV-D agency, in her official capacity, for the alleged violation of his Constitutional rights arising from the director's efforts to collect child support through Title IV-D. *Alonzo Jr.*, 2025 WL 1448219, at *1.

9

regarding a Title IV-D claim that he was not seeking appellate review, as his claims were "inextricably intertwined" with the state court action).

Plaintiff's association with the Title IV-D agency exists only because of a support order, and Plaintiff admits that Director Brown works in compliance with a IV-D plan and is responsible for enforcing child support orders. Thus, this Court does not have jurisdiction here.

### D. The Second Amended Complaint fails to state a due process claim.

Plaintiff does not claim that his state court support proceedings that led to his support obligations violated due process. Instead, he centers his claim on whether he consented to entering an "agency relationship" and otherwise is voluntarily participating in the Title IV-D program. And the limited factual allegation to support this is that he mailed to Director Brown a "violation warning for Denial of Rights under Color of Law under 18 USC § 242, 245, and 42 USC § 1983" that included a notice to termination his participation in the Title IV-D program. That's it.

The well-known standard for a Fourteenth Amendment procedural due process claim requires Plaintiff to show that: 1) he was deprived of an interest that the Fourteenth Amendment encompasses; and 2) the procedural safeguards surrounding the deprivation were inadequate. *Hill v. Borough of Kutztown*, 455 F.3d 225, 234 (3d Cir. 2006). Due process' fundamental requirement is an opportunity to be heard "at a meaningful time and in a meaningful manner." *Matthews v. Eldridge*, 424 U.S. 319,

333 (1976). It is not a guarantee against incorrect or ill-advised decisions. *Rivera v. Illinois*, 556 U.S. 148, 158 (2009).

Due process is flexible. It is not a fixed concept that is unrelated to time, place, and circumstances. *Biliski v. Red Clay Sch. Dist.*, 574 F.3d 214, 220 (3d Cir. 2009). In addition, a due process violation is not complete when the deprivation occurs; it is complete only when the state does not provide due process. *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000).

Here, Plaintiff has not alleged how he did not have a meaningful opportunity to be heard, let alone a liberty interest protected by the Fourteenth Amendment.[3] Indeed, the Second Amended Complaint does not even mention the support case that led to his support obligations.

What is more, the Second Amended Complaint's limited factual averments do not meet Federal Rule of Civil Procedure 8(a)'s requirement to present "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp*, 550 U.S. at 570; *see also* Ashcroft, 556 U.S. at 678 (explaining that a complaint does not suffice "if it tenders naked assertion[s] devoid of further factual enhancement").

Plaintiff's claims that Director Brown is responsible due to other DRS employees' actions cannot establish liability: respondeat superior is not available for

---

[3] Further, Plaintiff does not have a constitutional right to refuse to support his child. *See Dubay v. Wells*, 442 F. Supp. 2d 404, 409 (E.D. Mich. 2006), *aff'd*, 506 F.3d 422 (6th Cir. 2007).

11

civil rights claims. *Addlespurger*, 461 Fed. Appx. at 86. Personal involvement is required. *Id.*

At bottom, the due process claim is meritless and unsupported by factual averments.

## V.     Conclusion

Director Brown respectfully requests this Honorable Court to grant her motion and dismiss the claims against her with prejudice. Given the absolute immunities and legal defenses, it would be futile to allow Plaintiff leave to amend yet again. *See Harper-Bey v. New Jersey*, 512 Fed. Appx. 128, 129 n.1 (3d Cir. 2013) (leave to amend not warranted where the plaintiff could not overcome Eleventh Amendment immunity); *Peeples v. Citta*, 501 Fed. Appx. 109, 111 (3d Cir. 2012) (leave to amend not warranted where the plaintiff could not overcome judicial immunity).

Respectfully submitted,

s/Michael Daley
MICHAEL DALEY, ESQUIRE
Attorney I.D. PA 77212
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, PA 19102
legaldepartment@pacourts.us
(215) 560-6326, Fax: (215) 560-5486

***Attorney for Defendant Tracy Brown***

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Dustin of the Family Patrick | : | |
| | : | Civil Action |
| *Plaintiff* | : | |
| | : | No. 5:25-cv-1847 |
| v. | : | |
| | : | |
| Jayleen Bowers through the IV-D Agency, et al. | : | |
| | : | |
| | : | |
| *Defendants* | : | |
| | : | |

### Certificate of Service

The undersigned certifies that on March 16, 2026, he caused the foregoing *Motion to Dismiss, Brief in Support, and Proposed Order* to be served by CM/ECF on Plaintiff and all counsel of record.


s/Michael Daley
MICHAEL DALEY, ESQUIRE
Attorney I.D. PA 77212
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, PA 19102
legaldepartment@pacourts.us
(215) 560-6326, Fax: (215) 560-5486

***Attorney for Defendant Tracy Brown***